**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE, on her own behalf, on behalf of her husband, John Doe, JANE SMITH, JANE ROE, on their own behalf and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITEDHEALTH GROUP INCORPORATED, UNITEDHEALTHCARE INSURANCE COMPANY, OXFORD HEALTH PLANS, LLC, OXFORD HEALTH PLANS (NY), INC., OXFORD HEALTH INSURANCE, INC., and UNITED BEHAVIORAL HEALTH,<br><br>        Defendants. | Civil Action No. 1:17-cv-4160<br><br>Civil Action No. 1:21-cv-02791-PKC-PK (consolidated) |
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>        Defendants. | Civil Action No. 21-cv-____ |
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITEDHEALTH GROUP INCORPORATED., UNITED BEHAVIORAL HEALTH, UNITEDHEALTHCARE INSURANCE COMPANY, OXFORD HEALTH INSURANCE, INC., OXFORD HEALTH PLANS, LLC, OXFORD HEALTH PLANS (NY), INC., UNITEDHEALTHCARE INSURANCE COMPANY OF NEW YORK, and UNITEDHEALTHCARE OF NEW YORK, INC.,<br><br>        Defendants. | Civil Action No. 21-cv-____ |

EXECUTION COPY

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated as of August 11, 2021, is made and entered into by and among the Settling Plaintiffs[1] and the Defendants, by and through their respective attorneys, to resolve and settle all claims and issues between them, relating to the Released Claims, whether based on federal, state, or any other law. Specifically, this Stipulation settles two private putative class actions that have been consolidated before Judge Ann L. Donnelly in the United States District Court for the Eastern District of New York, an action brought by Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), and an action brought by New York Attorney General Letitia James (the "NYAG");

WHEREAS, the Secretary has brought an action in the United States District Court for the Eastern District of New York ("DOL Action") against UnitedHealthcare Insurance Company and United Behavioral Health, under the Employee Retirement Income Security Act of 1974 ("ERISA"), sections 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), captioned *Walsh v. United Behavioral Health et al.* (Case No. pending). The DOL Action alleges that the defendants violated Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA") and breached their fiduciary duties to members of ERISA-covered plans in violation of ERISA in connection with their reimbursements for out-of-network outpatient behavioral health services when the services were provided by psychologists or masters level counselors/social workers under the Tiered Reimbursement Policy;

WHEREAS, the NYAG has brought an action in the United States District Court for the Eastern District of New York ("NYAG Action") against UnitedHealth Group Incorporated, United Behavioral Health, UnitedHealthcare Insurance Company, Oxford Health Plans, LLC, Oxford Health Plans (NY), Inc., Oxford Health Insurance, Inc., UnitedHealthcare Insurance Company of New York, and UnitedHealthcare of New York, Inc., under Article 49 of the New

---

[1] Unless otherwise stated, all capitalized terms are defined in Section A of this Stipulation.

York Insurance Law, Article 49 of the New York Public Health Law, the New York and federal behavioral health parity laws (N.Y. Insurance Law §§ 3221(l)(5) & 4303(g), 42 U.S.C. § 300gg-26, and 45 C.F.R. § 146.136), New York Executive Law § 63(12), and New York General Business Law ("GBL") § 349, captioned *James v. UnitedHealth Group Incorporated et al.* (Case No. pending). The NYAG alleges that the defendants violated New York law by applying the Tiered Reimbursement Policy to health insurance plans governed by New York law;

WHEREAS, Plaintiff Jane Doe filed a putative class action in the United States District Court for the Eastern District of New York against UnitedHealth Group Incorporated; UnitedHealthcare Insurance Company; Oxford Health Plans, LLC; Oxford Health Plans (NY), Inc.; and Oxford Health Insurance, Inc., captioned *Jane Doe v. UnitedHealth Group Incorporated et al.*, Case No. 1:17-cv-4160 (E.D.N.Y.) ("*Doe* Action"). The *Doe* Action alleges violations of ERISA, including based on alleged violations of the MHPAEA;

WHEREAS, after the Court in the *Doe* Action dismissed all claims asserted against defendants UnitedHealth Group Incorporated, UnitedHealthcare Insurance Company, Oxford Health Plans, LLC, and Oxford Health Plans (NY), Inc., and certain claims against all defendants, Plaintiff Doe filed an Amended Class Action Complaint against defendant Oxford Health Insurance, Inc., which reasserted the counts that were not dismissed;

WHEREAS, following dismissal of certain defendants from the *Doe* Action, Plaintiff Jane Smith filed an action in the Northern District of California against defendants United Behavioral Health and UnitedHealthcare Insurance Company, captioned *Jane Smith et al. v. UnitedHealthcare Insurance Company et al.*, Case No. 3:18-cv-06336 (N.D. Cal.) ("*Smith* Action"). The *Smith* Action alleged violations of ERISA, including based on alleged violations of the MHPAEA;

WHEREAS, after the *Smith* Court entered an order dismissing certain claims, Smith filed an Amended Class Action Complaint, which reasserted the counts that were not dismissed and added an additional plaintiff, Jane Roe;

WHEREAS, on May 17, 2021, the *Smith* Action was transferred to the United States District Court for the Eastern District of New York on joint motion of the parties to the *Smith* Action to consolidate settlement approval proceedings with the *Doe* Action;

WHEREAS, on May 28, 2021, the Court consolidated the *Doe* and *Smith* Actions for purposes of settlement approval proceedings;

WHEREAS, Defendants have represented to the Settling Plaintiffs that Defendants have modified their practices with respect to reimbursements for out-of-network outpatient behavioral health services when the services are provided by psychologists or masters level counselors/social workers, and they no longer apply the Tiered Reimbursement Policy to Oxford and United Plans.  Defendants have represented to the Settling Plaintiffs that Defendants now apply the "License-Level Reimbursement Policy" where applicable for setting out-of-network outpatient behavioral health services reimbursement rates when the services are provided by psychologists or masters level counselors/social workers;

WHEREAS, Defendants have shared information with the Settling Plaintiffs and their counsel through formal and informal discovery, including the exchange of information about the number of individuals impacted by the Tiered Reimbursement Policy, the relief to which those members may be entitled if the Settling Plaintiffs prevail in litigation, the benefits provided in this Stipulation, and the Parties' positions on the merits of the claims;

WHEREAS, the Parties' arm's-length discussions culminated in the settlement embodied in this Stipulation (the "Settlement"), pursuant to which the Parties agree to settle claims and issues between them as described in this Stipulation;

WHEREAS, by entering into this Settlement, the Parties seek to eliminate the risk of further protracted litigation without any finding of liability and prior to the adjudication or determination of any issue of fact; and

WHEREAS, the Parties stipulate and agree to settle on the terms and conditions hereafter set forth and stipulate and agree that this Stipulation constitutes a full and complete resolution of the claims and issues raised in the Settling Actions, whether based on federal, state, or any other

4

law, without trial or adjudication of any issue of fact or law, except as set forth in Paragraph 5.1(c) below. The Parties agree that this Stipulation shall not be admissible as evidence in any proceeding (other than a proceeding to enforce the terms of this Stipulation), including without limitation litigation, arbitration or administrative proceedings, for any purpose whatsoever.

## TERMS AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, for good and valuable consideration and in consideration of the mutual covenants recited herein, the adequacy of which is acknowledged, it is consented and agreed, by the Settling Plaintiffs, on behalf of themselves and for the benefit of the Settlement Class Members, on the one hand, and the Defendants, on the other hand, that subject to the approval of the Court and the other terms and conditions set forth herein, the Settling Actions shall be settled, compromised, and dismissed as to the Defendants, with prejudice, and the Released Claims shall be finally and fully compromised, settled, and dismissed, in the manner and upon the terms and conditions hereafter set forth.

## A. Definitions.

1. As used in this Stipulation, capitalized terms and phrases not otherwise defined have the meanings specified below. In the event of any inconsistency between any definitions set forth below and any definitions set forth in any other document related to the Settlement, the definitions set forth below shall control.

1.1 "Administrative Costs" means the costs needed to administer the Tiered Reimbursement Settlement Fund, including the reasonable expenses of the Settlement Administrator and the costs of notice.

1.2 "Administrative Costs Account" means an account of the Administrative Costs controlled by the Settlement Administrator.

1.3 "Affiliated Entities" means (i) any direct or indirect parents, subsidiaries, or affiliates of Defendants; (ii) any employees, agents, officers, or directors of Defendants or their direct or indirect parents, subsidiaries, or affiliates (all natural persons in the definition of Affiliated Entities are collectively referred to as "Affiliated Individuals"); (iii) any

5

corporations in which any such Affiliated Individual is a shareholder in excess of 5%, employee, officer, or director; (iv) any partnerships or any other unincorporated forms of business, or limited liability companies, in which any Defendant, or direct or indirect parents, subsidiaries, or affiliates of Defendants, or Affiliated Individual owns an interest in excess of 5%; (v) any employee health benefits plans in which any Plaintiff or Settlement Class Member participates or participated with respect to Released Claims; (vi) any fiduciary, recordkeeper, claims administrator, or plan administrator of such employee health benefits plans; (vii) any trusts of which any Affiliated Entity is a grantor, trustee, or beneficiary; and (viii) any independent review organization that reviewed any claims for benefits or requests for coverage for Defendants for any Settlement Class Member. "Affiliated Entities" also means any corporations, business entities, partnerships or other unincorporated forms of business, or limited liability companies, that are controlled directly or indirectly by Defendants or Affiliated Individuals, or that are directly or indirectly under "common control" with Defendants or Affiliated Individuals as that term is defined under ERISA Section 4001(a)(14)(B), 29 U.S.C. § 1301(a)(14)(B).

1.4    "Attorneys' Fees and Expenses Award and Class Representatives' Incentive Award" means any award ordered by the Court following an application by Class Counsel for reasonable attorneys' fees and expenses, plus incentive awards for each of the three named plaintiffs (the "Class Representatives"), in a total amount not to exceed three million three hundred fifty thousand dollars ($3,350,000).

1.5    "Class Actions" means the *Doe* Action and the *Smith* Action.

1.6    "Class Claims Data" means a spreadsheet that will be provided to the Settlement Administrator upon order of the Court that lists, for each Settlement Class Member, at least the following fields: (a) name of the Settlement Class Member; (b) last known address of the Settlement Class Member; (c) the claim number for the claim to which the Tiered Reimbursement Policy applied; (d) the billed amount(s) for claims to which the

Tiered Reimbursement Policy applied; (e) the "allowed amount(s)" for claims to which the Tiered Reimbursement Policy applied as reflected in Defendant's records; (f) the amount Defendants already paid for the claim; (g) the amount of any member cost share for the claim (*e.g.*, deductible, copayment, coinsurance); (h) provider specialty/license level sufficient to determine the appropriate reimbursement level; and (i) the date of service.

1.7 "Class Action Released Claims" means any claims, rights, and liabilities of any nature, including but not limited to, actions, claims, demands, causes of action, obligations, damages, debts, charges, attorneys' fees, costs, arbitrations, forfeitures, judgments, indebtedness, liens and losses of any kind, source or character, whether arising out of federal or state law, whether known or unknown, whether asserted or unasserted, arising on or before the date of the Order of Final Approval of Settlement, whether in contract, express or implied, tort, at law or in equity or arising under or by virtue of any statute or regulation, by reason of, or arising out of claims that were brought or could have been brought prior to the date of the Order of Final Approval of Settlement relating to the Tiered Reimbursement Policy or the benefit claims referenced in the Class Claims Data that were subject to the Tiered Reimbursement Policy. The release will apply to all members of the *Doe/Smith* Settlement Class, regardless of whether they receive payment from the Tiered Reimbursement Settlement Fund.

1.8 "Class Counsel" means, individually and collectively, (a) Zuckerman Spaeder LLP; and (b) Psych-Appeal, Inc.

1.9 "Class Plaintiffs" means the members of the *Doe/Smith* Settlement Class.

1.10 "Court" means the United States District Court for the Eastern District of New York.

1.11 "Defendant" and "Defendants" mean, individually and collectively, UnitedHealth Group Incorporated, UnitedHealthcare Insurance Company, United Behavioral Health, Oxford Health Insurance, Inc., Oxford Health Plans, LLC, Oxford Health Plans (NY), Inc.,

UnitedHealthcare Insurance Company of New York, and UnitedHealthcare of New York, Inc.

1.12    "*Doe/Smith* Class List" means the list of names and last known mailing addresses of all *Doe/Smith* Class members whom Defendants are reasonably able to identify as of twenty (20) days after the date on which the Preliminary Approval Order is entered by the Court.

1.13    "Effective Date," or the date upon which the Settlement embodied in this Stipulation becomes effective, means the date on which the Order of Final Approval of Settlement, substantially in the form of Exhibit B to this Stipulation, becomes final as a matter of law (which the Parties hereby deem to be thirty-five (35) days after entry of the judgment if no appeal is filed). If an appeal is filed, the Effective Date shall be the date on which the final mandate is issued affirming the judgment.

1.14    "Fairness Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement of the Class Actions contained in this Stipulation is fair, reasonable and adequate and, therefore, should receive final approval from the Court.

1.15    "Judgment" means the judgment and order to be entered by the Court approving the Settlement.

1.16    "Notice of Proposed Settlement" means (i) the "Long-Form Notice of Proposed Settlement of Class Action and Fairness Hearing" ("Long-Form Notice") substantially in the form attached hereto as Exhibit C, which shall be posted on a website dedicated to this Settlement, to be maintained by the Settlement Administrator; and (ii) the "Short-Form Notice," substantially in the form attached hereto as Exhibit D, which is a summary of the Long-Form Notice and which will be mailed to Settlement Class members, will refer Settlement Class members to the dedicated website to view the Long-Form Notice and other information, and will include contact information for the Settlement Administrator.

1.17 "Oxford and United Plans" means plans for which Oxford Health Insurance, Inc.,
UnitedHealthcare Insurance Company, or their Affiliated Entities insured and/or
administered both medical/surgical and behavioral health/substance use disorder benefits.

1.18 "Parties" means, individually and collectively, the Defendants and the Settling Plaintiffs
on behalf of themselves and for the benefit of the Settlement Class Members.

1.19 "Person" means an individual, corporation, partnership, limited partnership, association,
joint stock company, estate, legal representative, trust, unincorporated organization, and
any other type of legal entity, and their spouses, heirs, successors, predecessors,
representatives, or assigns.

1.20 "Plaintiffs' Counsel" means, individually and collectively, all plaintiffs' counsel of
record in the Settling Actions.

1.21 "Plan of Allocation" means the Plan of Allocation for the Tiered Reimbursement
Settlement Fund to be proposed by the Settling Plaintiffs and approved by the Court, and
substantially in the form attached hereto as Exhibit E.

1.22 "Preliminary Approval Order" means the order to be entered by the Court in
conformance with Section C, *infra*, and substantially in the form attached hereto as
Exhibit A.

1.23 "Released Claims" includes all claims released as part of the Class Action Released
Claims and all claims released under Section E herein.

1.24 "Settlement" means the settlement to be consummated under this Stipulation of
Settlement.

1.25 "Settlement Administrator" means the entity appointed by the Court to perform the
Settlement administration duties described in this Stipulation. In the motion for
preliminary approval, Settling Plaintiffs shall propose a Settlement Administrator.
Defendants may suggest candidates to serve as Settlement Administrator.

1.26 "Settlement Amount" means a Settlement payment of ten million dollars ($10,000,000)
funded by Defendants and established, maintained, and held by the Settlement

Administrator for purposes of making payments pursuant to and effectuating this Stipulation. The Parties agree that once the Settlement Amount is transferred to the Settlement Administrator, it shall be considered a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code of 1986, as amended and Treas. Reg. §1.468B-1, 26 C.F.R. § 1.468B-1, *et seq.*, and will be administered by the Settlement Administrator as such.

1.27    "Settlement Classes" means, collectively, the following classes:

(a)    The "*Doe/Smith* Settlement Class," which will be defined and certified as follows: "All members currently or formerly enrolled in fully-insured and self-insured ERISA Oxford and United Plans who received out-of-network outpatient behavioral health services and whose reimbursement amounts were reduced, by 25% or 35% because they were provided by psychologists or masters level counselors/social workers, respectively, for dates of service November 22, 2013 forward, or by 25% because they were provided by psychologists or masters level counselors/social workers, for dates of service November 22, 2013 to May 1, 2015."

(b)    The "DOL Settlement Class," which is comprised of all self-insured members of the *Doe/Smith* Settlement Class plus all fully-insured members whose plan documents did not disclose the Tiered Reimbursement Policy, the latter members the Secretary shall not attempt to ascertain.

(c)    The "NYAG Settlement Class," which is comprised of all members currently or formerly enrolled in fully-insured ERISA Oxford and United Plans and non-ERISA commercial Oxford and United Plans (state and local government employee benefit plans, individual enrollees, church plans) sitused in New York who received out-of-network outpatient behavioral health services and whose reimbursement amounts were reduced by a certain percentage (including, but not limited to, 25% or 35%) because they were provided by psychologists or masters

level counselors/social workers, respectively, for dates of service November 22, 2013 forward.

1.28　"Settlement Class Member" means a Person who is a member of one or more of the Settlement Classes except that a member of the Settlement Classes shall cease to be a Settlement Class Member if that Person submits a valid Opt-Out Form or is otherwise excluded from the *Doe/Smith* Settlement Class by order of the Court.

1.29　"Settling Actions" means, individually and collectively:

　　(a)　*Walsh v. United Behavioral Health et al.*, Case No. 21-cv- (Case No. pending) (E.D.N.Y.);

　　(b)　*James v. UnitedHealth Group Incorporated et al.*, Case No. 21-cv-(Case No. pending) (E.D.N.Y.);

　　(c)　the *Doe* Action;

　　(d)　the *Smith* Action;

1.30　"Settling Plaintiffs" means, individually and collectively, the Secretary, the NYAG, and the Class Plaintiffs.

1.31　"Tiered Reimbursement Policy" means the Defendants' (i) former policy and/or practice of reducing eligible or allowed amounts by 25% for reimbursement for services provided by out-of-network psychologists and 35% for reimbursement for services provided by out-of-network masters level counselors/social workers, for dates of service November 22, 2013 forward; and/or (ii) former policy and/or practice of reducing eligible or allowed amounts by 25% for reimbursement for services provided by out-of-network psychologists and out-of-network masters level counselors/social workers for dates of service November 23, 2013 to May 1, 2015.

1.32　"Tiered Reimbursement Settlement Fund" means the fund created by payment of the Settlement Amount and used for payment by the Settlement Administrator to the Settlement Class Members according to the Plan of Allocation.

## B. Operative Terms of Settlement.

2.1     The Parties will work cooperatively in filing and submitting all appropriate motions and proposed orders with the Court in order to obtain preliminary and final approval of the Settlement, including a Plan of Allocation that provides for the allocation and distribution of the Tiered Reimbursement Settlement Fund.

2.2     Settling Plaintiffs will retain the Settlement Administrator appointed by the Court. The Settlement Administrator will sign Exhibit A to the Protective Order entered in the *Doe* Action (ECF No. 48). The reasonable expenses of the Settlement Administrator, including the costs of notice, will be paid by Defendants separate from the Tiered Reimbursement Settlement Fund. Defendants may review and/or audit the expenses and costs charged by the Settlement Administrator. Defendants may request interim and/or final reports showing distributions to each Settlement Class Member from the Tiered Reimbursement Settlement Fund. Neither the Tiered Reimbursement Settlement Fund, nor the Settling Plaintiffs will have any responsibility for the expenses of the Settlement Administrator.

2.3     Within twenty (20) days after the date the Preliminary Approval Order is entered by the Court, Defendants will pay $50,000 for initial Administrative Costs into the Administrative Costs Account. The Parties will cooperate to execute an appropriate escrow agreement for the Administrative Costs Account. The payment of $50,000 reflects an estimate of initial administration-related costs. The Settlement Administrator will invoice Defendants on a monthly basis for additional costs under the budget that has been provided.

2.4     Within ten (10) days after the proposed Settlement is filed in the Court, Defendants or the Settlement Administrator will mail notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notices"), in the form of Exhibit F to this Stipulation. The Parties agree, subject to the Court's approval, that upon mailing of the CAFA Notices, Defendants will have complied with the notice requirements of CAFA.

2.5     Within thirty (30) days after the Preliminary Approval Order is entered by the Court, and subject to Court approval as provided in 45 C.F.R. § 164.512(e)(1)(i), Defendants will provide Class Counsel and the Settlement Administrator with the *Doe/Smith* Class List for the purpose of effectuating notice of the Settlement. The *Doe/Smith* Class List shall be designated "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order entered in the *Doe* Action (ECF No. 48).

2.6     Within forty-five (45) days after the Preliminary Approval Order is entered by the Court, the Settlement Administrator shall cause the individuals listed on the *Doe/Smith* Class List to be notified either (i) by mailing the Short-Form Notice by first-class U.S. mail to each Settlement Class member's last known address, or (ii) by providing a Notice of Proposed Settlement (either the Short-Form Notice or the Long-Form Notice) using another method approved by the Court as complying with Federal Rule of Civil Procedure 23. To the extent a Short-Form Notice sent by U.S. mail is returned because the addressee is no longer found at the address to which the notice was sent (or for any other reason), the Settlement Administrator will use reasonable best efforts to obtain correct current addresses and thereafter re-mail the Short-Form Notice to affected individuals by first-class U.S. mail.

2.7     For a member of the *Doe/Smith* Settlement Class to be excluded from the *Doe/Smith* Settlement Class, the *Doe/Smith* Settlement Class member must request exclusion by sending a complete, signed, and valid Opt-Out Form to the Settlement Administrator at the address described in the Notice of Proposed Settlement, and the Opt-Out Form must be received by the Settlement Administrator no later than forty (40) days after the Short-Form Notice is mailed or otherwise provided.

2.8     With regard to any member of the *Doe/Smith* Settlement Class who submits a timely and valid Opt-Out Form, that member of the *Doe/Smith* Settlement Class shall be excluded from the *Doe/Smith* Settlement Class and shall not be entitled to participate in the Settlement.

2.9     In the event that 5% or more of the members of the *Doe/Smith* Settlement Class validly opt out, or members of the *Doe/Smith* Settlement Class whose portion of the Tiered Reimbursement Settlement Fund would have exceeded 10% of the Settlement Amount validly opt out, Defendants may, in their sole and absolute discretion, terminate this Stipulation by delivering a notice of termination to Plaintiffs' Counsel within fifteen (15) court days of the final calculation of opt-outs received by the Settlement Administrator.

2.10    Except as necessary to implement the terms of the Settlement and any Court orders, counsel for the Parties and the Settlement Administrator will keep confidential all personally identifiable information of Settlement Class Members, which includes information that can be used on its own or combined with other information to identify, contact, or locate an individual, or to identify an individual in context, and will comply with Paragraph 2 (HIPAA and Privacy Protections) of the Protective Order entered in the *Doe* Action (ECF No. 48).

2.11    Within thirty (30) days after the Effective Date, Defendants will pay the Settlement Amount into the Tiered Reimbursement Settlement Fund. The Settlement Administrator will thereafter distribute the Tiered Reimbursement Settlement Fund to the members of the Settlement Classes in accordance with the Plan of Allocation.

2.12    The Tiered Reimbursement Settlement Fund shall be overseen by the Settlement Administrator, who shall have discretion to distribute funds from the Tiered Reimbursement Settlement Fund to the Settlement Class Members according to the Plan of Allocation. Counsel for Settling Plaintiffs will direct the Settlement Administrator to, *inter alia*, administer the Settlement and make payments to the Settlement Class Members pursuant to this Stipulation, the Plan of Allocation, and the Order of Final Approval of Settlement.

2.13    Defendants shall play no role in, and will have no liability for, the administration of the Settlement or in determining the sufficiency of claims or the amounts of claims under the Settlement.

2.14    No Settlement Class Member shall have any claim against the Settling Plaintiffs, Class
Counsel, the Settlement Administrator, Defendants' counsel, or Defendants or their
Affiliated Entities that arises after Final Approval of the Settlement and is based upon
any distribution made substantially in accordance with this Stipulation, the Plan of
Allocation, or further orders of the Court.

2.15    The Settlement Administrator will maintain a complete and accurate record of all
payments made to Settlement Class Members, which shall be subject to examination by
counsel for Settling Plaintiffs and Defendants on reasonable notice.

2.16    Defendants shall have no liability or responsibility for any payments, fees, or costs under
the Settlement aside from the Settlement Amount, Attorneys' Fees and Expenses Award
and Class Representatives' Incentive Award, Administrative Costs, and Penalties
described in this Stipulation. With the exception of the Attorneys' Fees and Expenses
Award and Class Representatives' Incentive Award, each of the Settling Plaintiffs and
Defendants shall bear his, her, or its own costs, expenses, and fees (including expert fees
and attorneys' fees) in connection with the Settling Actions and any investigation
incident thereto.

2.17    No portion of the Tiered Reimbursement Settlement Fund will revert to any Defendant.

2.18    In addition to the payment of the Settlement Amount, the Parties agree as follows:

      (a)    Defendants will not reinstate the Tiered Reimbursement Policy for Oxford
and United Plans. Defendants represent that they currently apply the License-
Level Reimbursement Policy for self- and fully-insured Oxford and United Plans
where applicable, except for fully-insured ERISA plans and non-ERISA
commercial plans (*e.g.*, state and local government employee benefit plans,
individual enrollees, church plans) sitused in New York. The License-Level
Reimbursement Policy has been made available to counsel for the Settling
Plaintiffs. The Settling Plaintiffs' agreement to this Stipulation neither prohibits
nor condones Defendants' continued use of the License-Level Reimbursement

15

Policy where applicable, which is subject to ERISA and MHPAEA where applicable.

(b)     Defendants will continue not to apply the Tiered Reimbursement Policy or License-Level Reimbursement Policy to fully-insured ERISA Oxford and United Plans and non-ERISA commercial Oxford and United Plans (state and local government employee benefit plans, individual enrollees, church plans) sitused in New York for a minimum of two (2) years after the Order of Final Approval of the Settlement. This Settlement does not prohibit or condone Defendants' application of the License-Level Reimbursement Policy or any similar policy after such two-year period. If Defendants seek, for such New York plans, to reinstitute the discontinued Tiered Reimbursement Policy or to apply the License-Level Reimbursement Policy or a similar policy after such two-year period, it shall provide notice and a description of such policy to the NYAG. The NYAG will advise Defendants within sixty (60) days of such notice if it has any objection to such policy, and the NYAG reserves the right thereafter to pursue all available remedies regarding such policy, including, but not limited to, initiating litigation.

(c)     Defendants will provide accessible and comprehensible language explaining their application of the License-Level Reimbursement Policy on their website.

(d)     If Settling Plaintiffs contend that there has been a material violation of the provisions of the terms of this Section 2.18, he/she/it will provide written notice in accordance with Section 8.19, with a description of the violation. In such event, the parties will meet, in person or by such means as are mutually agreeable, to confer in good faith, so that Defendants can investigate the issue and, if necessary, promptly work to address or remediate the issue.

2.19   Upon proof of payment of the Settlement Amount by Defendants, the Secretary will close EBSA investigation No. 30-105635(48), which resulted in the Secretary's Voluntary

Compliance Letter dated April 22, 2019. The Secretary will promptly issue a letter to Defendants indicating that it has closed this investigation and proceeding.

2.20    Defendants will post on their public-facing website notice of the NYAG's Complaint and the Settlement upon issuance of the Preliminary Approval Order and until the conclusion of the Settlement Administrator's administration of the Tiered Reimbursement Settlement Fund. The notice will state the following: "On _____, 2021, the New York State Attorney General Letitia James ("NYAG") filed a Complaint in the United States District Court for the Eastern District of New York alleging that United Behavioral Health and certain affiliates ("UBH") violated the Mental Health Parity and Addiction Equity Act ("MHPAEA") and provisions of New York law by: (i) reducing reimbursement for out-of-network psychotherapy services provided by non-physician therapists such as psychologists and social workers ("Tiered Reimbursement"); and (ii) employing an outlier management program for psychotherapy called Algorithms for Effective Reporting and Treatment ("ALERT"), which resulted in denials of coverage for psychotherapy services. On _____, the NYAG and UBH settled the lawsuit. Although UBH has denied the NYAG's allegations, under the settlement agreement, certain New York members will receive payment if they had claims that were reduced under Tiered Reimbursement or denied under ALERT from November 22, 2013 forward. These claims will be paid from Common Funds that will be managed by an Independent Administrator, who will contact people eligible for reimbursement. All questions regarding the settlement should be directed to the Independent Administrator, Rust Consulting, at [telephone number to be provided by Settlement Administrator]."

## C. The Preliminary Approval Order.

3.  After execution of this Stipulation, the Parties shall request the Court to enter the Preliminary Approval Order, substantially in the form of Exhibit A to this Stipulation, providing for, *inter alia*, preliminary approval of, notice of, and hearing on, the proposed Settlement ("Fairness Hearing"). The Fairness Hearing shall occur at a date and time

designated by the Court, but no sooner than one hundred (100) days after the Preliminary Approval Order is entered by the Court (to account for the CAFA Notices described herein). The Preliminary Approval Order shall, *inter alia,* specifically include provisions that:

3.1    Preliminarily certify the *Doe/Smith* Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) exclusively for settlement purposes, and preliminarily find for settlement purposes that the named plaintiffs in the *Doe* and *Smith* Actions fairly and adequately represent the interests of the Class Plaintiffs they represent;

3.2    State that the Court is likely to find the Settlement of the *Doe* and *Smith* Actions as set forth in this Stipulation to be fair, reasonable, and adequate under Rule 23(e), subject to further hearing and determination under Rule 23(e);

3.3    Approve the written Notice of Proposed Settlement (the Long-Form Notice and Short-Form Notice) substantially in the form of Exhibits C and D hereto;

3.4    Appoint the Settlement Administrator;

3.5    Order Defendants to disclose the *Doe/Smith* Class List to Class Counsel and the Settlement Administrator within thirty (30) days after the date on which the Preliminary Approval Order is issued;

3.6    Direct the Settlement Administrator to issue the Short-Form Notice to the individuals listed on the *Doe/Smith* Class List via mail or another method of notice that satisfies Federal Rule of Civil Procedure 23;

3.7    Find that the method of providing the Notice of Proposed Settlement pursuant to this Stipulation constitutes the best notice practicable under the circumstances, and that the Notice of Proposed Settlement fully satisfies the requirements of due process and the Federal Rules of Civil Procedure;

3.8    Set a date for the filing of the Class Plaintiffs' application for an Attorneys' Fees and Expenses Award and Class Representatives' Incentive Award, which shall be no later than fifteen (15) days after the issuance of the Short-Form Notice by the Settlement

Administrator;

3.9    Schedule the Fairness Hearing to be held by the Court to determine whether the Stipulation and Plan of Allocation should be finally approved as fair, reasonable, and adequate, and whether an order finally approving the Stipulation and the Plan of Allocation should be entered;

3.10   Provide that no objection to the Stipulation shall be heard and no papers submitted in support of said objection shall be received and considered by the Court at the Fairness Hearing unless the objection and reasons therefor, along with copies of any supporting papers, are filed with the Clerk of the Court and served on the Parties to this Stipulation within forty (40) days of the mailing or providing of the Short-Form Notice; and

3.11   Provide that the Fairness Hearing may be continued from time to time by order of the Court if necessary, and without further notice directed to the members of the *Doe/Smith* Settlement Class.

**D.  Order of Final Approval of Settlement.**

4.    Upon approval by the Court of the Settlement embodied in this Stipulation, an Order of Final Approval of Settlement shall be entered by the Court, substantially in the form of Exhibit B hereto, which shall, *inter alia*:

4.1    Finally approve the Settlement set forth in this Stipulation;

4.2    Adjudge that the Settlement is fair, reasonable, and adequate;

4.3    Dismiss the Settling Actions against Defendants with prejudice;

4.4    Adjudge that Settling Plaintiffs and all Class Plaintiffs shall be deemed conclusively to have released any and all Released Class Claims against Defendants and their Affiliated Entities;

4.5    Bar and permanently enjoin Settling Plaintiffs and all Class Plaintiffs from prosecuting any and all Released Class Claims against Defendants and their Affiliated Entities;

4.6    Include an order on Class Plaintiffs' request for an Attorneys' Fees and Expenses Award and Class Representatives' Incentive Award;

4.7    Reserve exclusive jurisdiction, without affecting the finality of the Order of Final
Approval of Settlement entered, with regard to:

    (a)    Implementation of this Stipulation and the Order of Final Approval of
Settlement;

    (b)    Disposition of the Tiered Reimbursement Settlement Fund; and

    (c)    Enforcement and administration of this Stipulation and the Order of Final
Approval of Settlement, including the release provisions thereof;

4.8    Find that notice to the appropriate state and federal officials has been provided as
required by CAFA and that Defendants have satisfied their obligations pursuant to 28
U.S.C. § 1715.

**E. Releases**

5.1    Upon the Effective Date:

    (a)    Class Plaintiffs and their respective current and former employees,
attorneys, heirs, executors, administrators, agents, legal representatives,
conservators, professional corporations, partnerships, assigns, successors, and
with respect to minors, parents and guardians, will fully, finally, and forever
release, relinquish, and discharge all of the Defendants and their Affiliated
Entities from, and shall forever be enjoined from prosecution of Defendants and
their Affiliated Entities for, any and all Class Action Released Claims.

        (1)    Class Plaintiffs also agree that they will not bring an action against
Defendants challenging the current License-Level Reimbursement Policy
for one (1) year after the date of the Order of Final Approval of
Settlement, as long as the current License-Level Reimbursement Policy
remains in place without substantial change. Defendants' adjustment of
the License-Level Reimbursement Policy consistent with CMS tiering
does not constitute a "substantial change." Nothing in this Section
5.1(a)(1) limits or precludes an action to enforce this Stipulation.

(2)     With respect to any and all Class Action Released Claims, the Parties stipulate and agree that upon the Effective Date, Class Plaintiffs shall have waived any and all provisions, rights, and benefits conferred under California Civil Code section 1542 or by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code section 1542, which provides:

"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Class Plaintiffs shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and was a key element of the Stipulation.

(b)     The Secretary releases all claims that it brought or could have brought against Defendants and their Affiliated Entities related to the facts alleged in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary and/or the DOL Action.

(c)     NYAG releases all claims that it brought or could have brought against Defendants and their Affiliated Entities related to the facts alleged in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary and/or the NYAG Action except for claims relating to a reinstitution in New York by Defendants of the Tiered Reimbursement Policy after the Order of Final Approval, or application of the License-Level Reimbursement Policy or a similar policy.

(d)     Defendants and their Affiliated Entities release: (i) any claims, rights, and liabilities of any nature, including but not limited to, actions, claims, demands, causes of action, obligations, damages, debts, charges, attorneys' fees, costs,

21

arbitrations, forfeitures, judgments, indebtedness, liens and losses of any kind, source or character, whether arising out of federal or state law, whether known or unknown, whether asserted or unasserted, arising on or before the date of the Order of Final Approval of Settlement, whether in contract, express or implied, tort, at law or in equity or arising under or by virtue of any statute or regulation, by reason of, or arising out of claims that were brought or could have been brought in the Class Actions prior to the date of the Order of Final Approval of Settlement relating to the Tiered Reimbursement Policy or the benefit claims referenced in the Class Claims Data that were subject to the Tiered Reimbursement Policy; (ii) any claims, including those arising out of the Equal Access to Justice Act, that they may have against the Secretary relating to the investigation of the claims described in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary; and (iii) any claims that they may have against NYAG relating to its investigation of the claims described in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary.

5.2   All Parties reserve the right to bring an action to enforce the terms of the Settlement.

**F.  Attorneys' Fees, Expenses and Penalties**

6.1   Class Plaintiffs will submit an application to the Court for the Attorneys' Fees and Expenses Award and Class Representatives' Incentive Award. Class Plaintiffs will not seek more than a total of $3,350,000 for the Attorneys' Fees and Expenses Award and Class Representatives' Incentive Award, including Incentive Awards of twenty thousand dollars ($20,000) for each of the Class Representatives relating to the Class Actions or this Settlement. Within thirty (30) days after the Effective Date, Defendants will pay any Attorneys' Fees and Expenses Award and Class Representatives' Incentive Award ordered by the Court up to the amount sought by Plaintiffs.  Class Counsel and the Settlement Administrator will be responsible for distributing the Incentive Awards.

6.2    Any disapproval of Class Plaintiffs' application for attorneys' fees and expenses by the Court shall not operate to terminate or cancel this Stipulation or affect the validity, enforceability, or finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, shall not provide any Person with any rights to terminate the Settlement, shall not impose any obligation on the Defendants to increase the consideration paid in connection with the Settlement, and shall not affect the release of the Class Action Released Claims.

6.3    Upon the payment set forth in paragraph 1.26, United shall be and hereby is assessed a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l) (the "502(l) Penalty"). The Secretary has agreed to compromise and reduce the amount of the 502(l) Penalty and hereby does and will accept, as full satisfaction of the assessed 502(l) Penalty, the amount of $409,249.67. United hereby waives the notice of assessment and service requirement of 29 C.F.R. § 2570.83, and waives all legal rights to appeal, contest, or seek a further reduction of the 502(l) Penalty. Within thirty (30) days after the Effective Date, Defendants shall pay the 502(l) Penalty by sending a certified or cashier's check to:

**Standard (Regular U.S. Mail) Remittance Address:**

> ERISA Civil Penalty
> P.O. Box 6200-36
> Portland, OR 97228-6200

or

**Express Mail or Commercial Overnight Delivery Address:**

> U.S. Bank
> Attn: ERISA Civil Penalty #6200-36
> 17650 NE Sandy Blvd.
> PD-OR-C1GL
> Portland, OR 97230

The certified or cashier's check for the 502(l) Penalty shall be made payable to the United States Department of Labor and must reference EBSA Case No. 30-105635(48). Defendants will provide notice to the Secretary of this payment.

6.4     Within thirty (30) days after the Effective Date, United shall pay six hundred fifty thousand dollars ($650,000) as a civil penalty relating to Tiered Reimbursement for alleged violations of Article 49 of the New York Insurance Law, Article 49 of the New York Public Health Law, the New York and federal behavioral health parity laws (N.Y. Insurance Law §§ 3221(l)(5) & 4303(g), 42 U.S.C. § 300gg-26, and 45 C.F.R. § 146.136), New York Executive Law § 63(12), and New York General Business Law ("GBL") § 349.

## G. Effect of Disapproval, Cancellation, or Termination.

7.1     If the conditions of Settlement set forth in this Stipulation are not satisfied, if the Court does not enter the Order of Final Approval of Settlement provided for in this Stipulation, if the Court enters the Order of Final Approval of Settlement and appellate review is sought and on such review such Order is materially modified or reversed, and/or if one or more of the material terms of this Stipulation is not approved or the Order of Final Approval of Settlement with respect to one or more of such terms is materially modified or reversed, then the Stipulation shall be canceled and terminated unless the Parties can agree within forty-five (45) days (or by agreement of the Parties to another specified time period) of such event to amend this Stipulation in such a manner as to resolve such issue.

7.2     If the Effective Date does not occur, or if this Stipulation is otherwise terminated and canceled pursuant to its terms, the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Stipulation.

## H. Miscellaneous Provisions.

8.1     The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Stipulation and have been given the opportunity to review independently this Stipulation with such legal counsel and agree to the particular language of the provisions herein.

8.2   Neither this Stipulation nor any document referred to herein nor any action taken to carry out this Stipulation is intended to be construed as either a finding by the Court or an admission or denial of fault, liability or wrongdoing. There has been no final determination by any court as to the merits of the claims asserted by Settling Plaintiffs against Defendants.

8.3   The Parties hereto agree to cooperate to the extent necessary to effectuate all terms and conditions of this Stipulation and the Plan of Allocation.

8.4   The Parties shall not engage in any conduct intended or designed to have the Settlement not approved, or otherwise attempt to (a) influence members of the *Doe/Smith* Settlement Class to opt out of the Settlement, or (b) solicit members of the Settlement Classes to pursue what would otherwise be a Released Claim outside of the Action.

8.5   Settling Plaintiffs agree that they will use the *Doe/Smith* Class List and Class Claims Data for Settlement purposes only, *i.e.*, effectuating, supporting, and carrying out the terms of the Settlement, and will comply with the Protective Order entered in the *Doe* Action (ECF No. 48), including Paragraph 2 (HIPAA and Privacy Protections).

8.6   All agreements made and orders entered during the course of the Settling Actions relating to the confidentiality of information will survive the performance and/or termination of this Stipulation. Documents produced by Defendants and correspondence between Defendants and the Secretary and/or NYAG marked confidential will retain such confidential designation for purposes of the federal Freedom of Information Act ("FOIA") and/or the New York Freedom of Information Law ("FOIL"), as applicable. Upon receiving a request for disclosure of such documents, whether by FOIA or FOIL request, subpoena or other process, if the Secretary and/or NYAG deem such documents to be not confidential and subject to disclosure under applicable law, the Secretary and/or NYAG will provide Defendants with notice and an opportunity to object to disclosure of such documents, unless otherwise ordered by a court of competent jurisdiction.

8.7    Each Party represents that (i) such Party has full legal right, power and authority to enter into and perform this Stipulation, subject to Court approval; (ii) the execution and delivery of this Stipulation by such Party and the consummation by such Party of the transactions contemplated by this Stipulation have been duly authorized by such Party; (iii) this Stipulation constitutes a valid, binding and enforceable agreement; and (iv) no consent or approval of any Person or entity is necessary for such Party to enter into this Stipulation.  By signing this Stipulation, Class Counsel each represent and warrant that they are authorized by the named plaintiffs in the *Doe/Smith* Actions to sign the Stipulation on their behalf and that the named plaintiffs approve of this stipulated settlement.

8.8    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

8.9    All exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

8.10   This Stipulation may be amended or modified only by written instrument signed by authorized representatives of all Parties or their successors in interest.

8.11   This Stipulation is not binding on, or enforceable by, any governmental agency other than the Secretary and the Office of the New York Attorney General, except to the extent provided by law.

8.12   All of the terms of this Stipulation shall be governed by and interpreted according to the laws of the State of New York, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that federal law governs, in which case federal law applicable in the U.S. District Court for the Eastern District of New York shall control.

8.13   The Parties acknowledge and agree that the Court will retain jurisdiction over the Parties, the Settling Actions, and the Settlement for purposes of enforcing the terms of this Stipulation and the Order of Final Approval of Settlement.

EXECUTION COPY

8.14    This Stipulation and the exhibits attached hereto constitute the entire agreement between the Parties. This Stipulation supersedes any prior agreements or understandings, whether written or oral, between and among the Parties regarding the Settling Actions or the Settlement.

8.15    To the extent that any of the exhibits to this Stipulation are inconsistent with any of the terms of this Stipulation, there shall be a presumption that any such inconsistencies are resolved in favor of the terms of the Stipulation.

8.16    Except as expressly provided for in this Stipulation, each Party will bear its own costs and fees.  Counsel for all Settling Plaintiffs and Defendants have participated in the preparation of this Stipulation. This Stipulation was subject to revision and modification by all Parties and has been accepted and approved as to its final form by counsel for each of the Parties. Accordingly, any uncertainty or ambiguity that may exist in this Stipulation shall not be interpreted against any Party as a result of the manner of the preparation of this Stipulation.

8.17    The headings used herein are only for ease of reference, and do not modify the terms set forth in the numbered paragraphs of this Stipulation.

8.18    This Stipulation may be executed in one or more counterparts. All executed counterparts, taken together, shall constitute a single, enforceable instrument.

8.19    Notices required or permitted by this Stipulation shall be submitted by overnight mail, electronic mail, or in person as follows:

Notices to Settling Plaintiffs

Thomas Licetti, Regional Director
U.S. Department of Labor
Employee Benefits Security Administration
201 Varick Street
Room 746
New York, NY 10014
Licetti.Thomas@dol.gov

Michael D. Reisman
Assistant Attorney General

Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Michael.Reisman@ag.ny.gov

Andrew N. Goldfarb, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
agoldfarb@zuckerman.com

Notices to Defendants and Defendants' Counsel

Chris Zaetta
Chief Legal Officer
Optum, Inc.
11000 Optum Circle
Eden Prairie, MN 55344

Christopher Flynn
Michael W. Lieberman
Jennifer S. Romano
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

REST OF PAGE INTENTIONALLY BLANK

EXECUTION COPY

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed by their duly authorized attorneys, as of the day and year first set forth above.

**SIGNED AND AGREED:**
**FOR DEFENDANTS**                                  **FOR CLASS PLAINTIFFS**

By: _____                       By: _____
    Signature                                           Signature

Print Name: Chris Zaetta                             Print Name:
Title: Chief Legal Officer, Optum, Inc.             Title: Zuckerman Spaeder LLP
                                                            Counsel to Class Plaintiffs

Date:  8 -11- 2021                                   Date:


**FOR THE ATTORNEY GENERAL**
**OF THE STATE OF NEW YORK**
**LETITIA JAMES**                                    **FOR THE SECRETARY OF LABOR**

By: _____                       By: _____
    Signature                                           Signature

Print Name: Michael D. Reisman                       Print Name: Michael R. Hartman
Title: Assistant Attorney General                    Title: Counsel for ERISA

Date:  August 11, 2021                               Date:

EXECUTION COPY

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed by their duly authorized attorneys, as of the day and year first set forth above.

**SIGNED AND AGREED:**
**FOR DEFENDANTS**

By: _____
    Signature

Print Name: Chris Zaetta
Title: Chief Legal Officer, Optum, Inc.

Date:

**FOR CLASS PLAINTIFFS**

By: _____
Signature

Print Name:  Andrew N. Goldfarb
Title: Zuckerman Spaeder LLP
          Counsel to Class Plaintiffs

Date:     August 11, 2021

**FOR THE ATTORNEY GENERAL**
**OF THE STATE OF NEW YORK**
**LETITIA JAMES**

By: _____
    Signature

Print Name: Michael D. Reisman
Title: Assistant Attorney General

Date:

**FOR THE SECRETARY OF LABOR**

By: _____
    Signature

Print Name: Michael R. Hartman
Title: Counsel for ERISA

Date:     August 11, 2021

## Exhibit Summary

Exhibit A     Proposed Preliminary Approval Order

Exhibit B     Proposed Final Approval Order

Exhibit C     Long-Form Notice

Exhibit D     Short-Form Notice

Exhibit E     Proposed Plan of Allocation

Exhibit F     Form of CAFA Notices

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE, on her own behalf, on behalf of her husband, John Doe, JANE SMITH, JANE ROE, on their own behalf and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:17-cv-4160 |
| UNITEDHEALTH GROUP INCORPORATED, et al., | Civil Action No. 1:21-cv-2791 |
| Defendants. | |
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | |
| Plaintiff, | |
| v. | Civil Action No. 21-cv-____ |
| UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY, | |
| Defendants. | |
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York, | |
| Plaintiff, | |
| v. | Civil Action No. 21-cv-____ |
| UNITEDHEALTH GROUP INCORPORATED, et al., | |
| Defendants. | |

**FINDINGS AND ORDER PRELIMINARILY CERTIFYING THE *DOE/SMITH* SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS SETTLEMENT, APPROVING FORM AND DISSEMINATION OF CLASS NOTICE, AND SETTING DATE FOR FAIRNESS HEARING**

Presented to the Court is the unopposed motion of Plaintiffs Jane Doe, Jane Smith, and Jane Roe ("Plaintiffs") for preliminary approval of a class settlement of litigation against Defendants UnitedHealth Group Incorporated., United Healthcare Insurance Company., Oxford Health Plans, LLC, Oxford Health Plans (NY), Inc., Oxford Health Insurance, Inc., and United Behavioral Health (collectively, "United"). The terms of the Settlement are set out in a Stipulation of Settlement dated _____, 2021 (the "Settlement") executed by counsel for Plaintiffs (referred to herein as the "Class Representatives") and for United. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement.

The Settlement proposes to resolve four actions (the "Settling Actions"): (i) two putative class action cases: *Jane Doe v. UnitedHealth Group, Inc. et al.*, Case No. 1:17-cv-4160 (E.D.N.Y.), and *Jane Smith, et al. v. United Healthcare Insurance Company et al.*, Case No. 1:21-cv-02791-PKC-PK (E.D.N.Y); and (ii) two enforcement actions: *Walsh v. United Behavioral Health et al.*, Case No. 21-cv-____ (E.D.N.Y.), brought by the Secretary of Labor ("DOL Action"); and *James v. UnitedHealth Group Incorporated et al.*, Case No. 21-cv____ (E.D.N.Y.), brought by the New York Attorney General ("NYAG Action").

The *Smith* action was transferred to this District and consolidated with the *Doe* action before this Court for coordinated settlement proceedings. ECF No. 103; Dkt. Entries dated May 25 and 28, 2021.

*Doe* and *Smith* arose out of claims involving alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, against United, based on United's former policy and/or practice of reducing eligible or allowed amounts by 25% for reimbursement for services provided by out-of-network psychologists and

2

25% or 35% for reimbursement for services provided by out-of-network masters level counselors/social workers (the "Tiered Reimbursement Policy").

The Court has preliminarily considered the Settlement to determine, among other things, whether the Court is likely to certify the proposed *Doe/Smith* Settlement Class for purposes of settlement (the *Doe/Smith* "Settlement Class"), and to find the Settlement to be fair, reasonable, and adequate, and thus to find that members of the *Doe/Smith* Settlement Class should receive notice concerning the Settlement. Upon reviewing the record and good cause appearing therefor, **It is hereby ORDERED as follows:**

1. **Preliminary Certification of Settlement Class**: The *Doe/Smith* Settlement Class shall include all individuals, who meet the following definition and whom United will use its best efforts to identify:

> All members currently or formerly enrolled in fully-insured and self-insured ERISA Oxford and United Plans who received out-of-network outpatient behavioral health services and whose reimbursement amounts were reduced, by 25% or 35% because they were provided by psychologists or masters level counselors/social workers, respectively, for dates of service November 22, 2013 forward, or by 25% because they were provided by psychologists or masters level counselors/social workers, for dates of service November 22, 2013 to May 1, 2015.

The *Doe/Smith* Settlement Class subsumes within it: (i) members of fully insured ERISA commercial Oxford and United Plans sitused in New York, which are the subject of the NYAG Action; and (ii) the members of the Settlement Class of the DOL Action, which consists of all self-insured members of the Doe/Smith Settlement Class plus all fully-insured members whose plan documents did not disclose the Tiered Reimbursement Policy, the latter members the Secretary shall not attempt to ascertain.

2. The Court finds, for settlement purposes only, that the *Doe/Smith* Settlement Class satisfies the requirements for certification under Rule 23(a)—numerosity, commonality,

3

typicality, and adequacy of representation. First, the *Doe/Smith* Settlement Class includes

approximately 113,500 people, and thus easily satisfied the numerosity requirement. Second, the

members of the *Doe/Smith* Settlement Class (each a "*Doe/Smith* Settlement Class member")

share a core of common factual and legal issues that would drive the resolution of the litigation,

including: (i) whether United was acting as an ERISA fiduciary when it created its Tiered

Reimbursement Policy and applied it to *Doe/Smith* Settlement Class members' requests for

coverage of out-of-network behavioral health services; (ii) whether United breached its fiduciary

duties when it developed and applied its Tiered Reimbursement Policy; (iii) whether United

abused its discretion by applying its Tiered Reimbursement Policy to the *Doe/Smith* Settlement

Class members' claims; and (iv) whether *Doe/Smith* Settlement Class members would be entitled

to the relief sought if Plaintiff established liability. Third, the named Plaintiffs' claims are typical

of the claims of the *Doe/Smith* Settlement Class members, because they would pursue the same

facts and make the same arguments as other *Doe/Smith* Settlement Class members to establish

liability and entitlement to relief for United's alleged breaches of fiduciary duty and abuse of

discretion under ERISA. Fourth, the named Plaintiffs have adequately represented and can

adequately represent the *Doe/Smith* Settlement Class, and proposed class counsel ("Class

Counsel") are experienced class action attorneys who are well qualified to evaluate and litigate

this case.

3.      The Court also finds, for settlement purposes only, that the *Doe/Smith* Settlement

Class meets the requirements for certification under Rule 23(b)(3). Plaintiffs have shown that

questions common to the *Doe/Smith* Settlement Class predominate over individual issues, and

that resolving this matter by class action meets the superiority requirement of Rule 23(b)(3)

because it is the most efficient and effective approach. In addition, the *Doe/Smith* Settlement

Class is ascertainable because membership in the *Doe/Smith* Settlement Class may be determined from objective criteria as reflected in United's records of coverage decisions.

    **4.**    **Preliminary Findings Regarding Proposed Settlement**: The Court finds that it will likely conclude that:

    A.    The Class Representatives and Class Counsel have adequately represented the Class.

    B.    The Settlement resulted from arm's-length negotiations by experienced and competent counsel;

    C.    The Settlement was negotiated only after Class Counsel had litigated the cases for several years, conducted thorough discovery of documentary evidence; conducted a pre-settlement investigation; and received pertinent information and documents from United;

    D.    Class Counsel and the Class Representatives have concluded that the Settlement is fair, reasonable, and adequate;

    E.    The relief provided for the *Doe/Smith* Settlement Class is adequate, taking into account the factors in Fed. R. Civ. P. 23(e)(2)(C) as relevant, including: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of distributing the proposed relief to the *Doe/Smith* Settlement Class; and (iii) the terms of the proposed award of attorney's fees and costs and incentive awards to class representatives; and

    F.    The Settlement treats *Doe/Smith* Settlement Class members equitably relative to each other.

    **5.**    **Fairness Hearing**: A hearing (the "Fairness Hearing") is scheduled at the United States District Court for the Eastern District of New York, Judge Ann M. Donnelly presiding, at

_____ on _____, 20__, [a date no sooner than one hundred (100) calendar days after the date this Preliminary Order is filed] to determine, among other issues:

      A.    Whether the Settlement should be approved as fair, reasonable, and adequate;

      B.    Whether the Court should enter the Final Approval Order, and

      C.    Whether the Court should approve any motion for an Attorneys' Fees and Expenses Award, and Class Representatives' Incentive Award.

6.    **Class Counsel**:  The Court appoints as Class Counsel the law firms of Zuckerman Spaeder LLP (D. Brian Hufford, Jason S. Cowart, and Andrew N. Goldfarb); Buttaci Leardi & Werner LLC (John W. Leardi, Vincent Buttaci, and Paul D. Werner); and Psych-Appeal, Inc. (Meiram Bendat).

7.    **Settlement Administrator**:  The Court appoints _____ as Settlement Administrator.

8.    **Class Notice**:  The Settling Parties have presented to the Court proposed forms of notice regarding the settlement for mailing to *Doe/Smith* Settlement Class members ("Settlement Notices").

      A.    The Court finds that the proposed forms and content therein fairly and adequately:

            i.    Describe the terms and effect of the Settlement;

            ii.    Notify the *Doe/Smith* Settlement Class that Plaintiffs will seek an Attorneys' Fees and Expenses Award, and Class Representatives' Incentive Award collectively totaling no more than $3.35 million, via an application to be filed with the Court no later than fifteen

6

(15) days after the issuance of the Settlement Notices by the

Settlement Administrator;

iii.    Give notice to the *Doe/Smith* Settlement Class of the time and

place of the Fairness Hearing, and Settlement Class members' right

to appear; and

iv.    Describe how the recipients of the Settlement Notice may exclude

themselves from the *Doe/Smith* Settlement Class and any relief

provided through the Settlement, or object to the Settlement or to

any requested attorneys' fees and expenses, or Class

Representatives' Incentive Award.

B.    Within thirty (30) days of the date of this order, United shall provide the

Settlement Administrator with the *Doe/Smith* Settlement Class List for the purpose of

effectuating notice of the Settlement. The Court finds that this information is necessary to

effectuate the terms of the Settlement. Consistent with the terms of the Settlement, except as

necessary to implement the terms of the Settlement, obligations under federal and state law, and

any Court orders, United and the Settlement Administrator will keep confidential all personally

identifiable information of Settlement Class members and comply with the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA").

C.    The Settlement Administrator will, at United's expense, mail to *Doe/Smith*

Settlement Class members listed on the Class List the Short Form Notice in substantially the

same form as Exhibit 1, and post on the Website the Notice substantially in the same form as

Exhibit 2. The Settlement Administrator shall use its best efforts to complete the initial mailing

7

of the Short Form Notice to all *Doe/Smith* Settlement Class members within forty-five (45) days after date of this order.

      D.      Pursuant to Rules 23(c)(2)(B) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices, the mailing of the Short Form Notice, and posting of the Notice on the Website constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all *Doe/Smith* Settlement Class members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law.

      **9.**      **Attorneys' Fees and Expense Award**: Plaintiffs shall file a motion for an Attorneys' Fees and Expenses Award and Class Representatives' Incentive Award no later than fifteen (15) days after issuance of the Short Form Notice.

      **10.**      **Opt-Outs to Settlement**: In order for a person to be excluded from the Settlement, the person must request exclusion by sending a complete, signed, and valid Opt-Out Form to the Settlement Administrator at the address described in the Long-Form Notice, which must be postmarked no later than forty (40) days after the date on which the Short Form Notice is mailed or otherwise provided. If a person submits a timely and valid Opt-Out Form, that individual shall be excluded from the *Doe/Smith* Settlement Class, and shall not be entitled to participate in the Settlement.

      **11.**      **Objections to Settlement**: To object to the Settlement, a *Doe/Smith* Settlement Class member must send a complete, signed, and valid objection to the Court by one of the methods described in the Settlement Notice, which must be received by the Court no later than forty (40) days after the date on which the Short Form Notice is mailed or otherwise provided. The objection must include a written statement that indicates all bases for objection and all

documentation in support of the objection. If the objecting *Doe/Smith* Settlement Class member intends to appear at the Fairness Hearing, the *Doe/Smith* Settlement Class member must also include, as part of the objection, a notice of intent to appear and a list of witnesses (if any) the person may call by live testimony. Copies of such objection and notice, and all documentation in support thereof, together with copies of any other papers or briefs filed with the Court, must be simultaneously delivered to Class Counsel and United's counsel at the addresses provided in the Long-Form Notice. Any *Doe/Smith* Settlement Class member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objections to the Settlement. The procedures and requirements for filing objections satisfy the due process rights of all *Doe/Smith* Settlement Class members and are sufficient to ensure the efficient administration of justice and the orderly presentation of any *Doe/Smith* Settlement Class members' objections to the Settlement.

12.  **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a *Doe/Smith* Settlement Class member at least fourteen (14) days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least seven (7) days before the Fairness Hearing.

13.  **CAFA Notices**: The form of notices sent by United or by the Settlement Administrator on United's behalf pursuant to the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, *et seq.*, complied with the requirements of CAFA.

14.  **Stay of Litigation Proceedings That Are Unrelated to Settlement.** Pending final determination of the joint application for approval of the Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

78N2278 1

**15.** **Continuance of Hearing**: The Court may adjourn or continue the Fairness Hearing without further direct notice to the *Doe/Smith* Settlement Class members, other than by notice to Class Counsel.

**IT IS SO ORDERED.**

DATED:_____, 2021


_____
HON. ANN M. DONNELLY
UNITED STATES DISTRICT JUDGE

7882278.1

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE, on her own behalf, on behalf of her husband, John Doe, JANE SMITH, JANE ROE, on their own behalf and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:17-cv-4160 |
| UNITEDHEALTH GROUP INCORPORATED, et al., | Civil Action No. 1:21-cv-02791 |
| Defendants. | (consolidated) |
| | |
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | |
| Plaintiff, | |
| v. | Civil Action No. 21-cv-____ |
| UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY, | |
| Defendants. | |
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York, | |
| Plaintiff, | |
| v. | Civil Action No. 21-cv-____ |
| UNITEDHEALTH GROUP INCORPORATED, et al., | |
| Defendants. | |

## FINAL APPROVAL ORDER AND JUDGMENT

7885429 1

Plaintiffs Jane Doe, Jane Smith, and Jane Roe ("Class Representatives"), on behalf of themselves and the members of the *Doe/Smith* Settlement Class (as defined below); the Secretary of Labor; the New York Attorney General; and Defendants UnitedHealth Group Incorporated., United Healthcare Insurance Company, Oxford Health Plans, LLC, Oxford Health Plans (NY), Inc., Oxford Health Insurance, Inc., United Behavioral Health, UnitedHealthcare Insurance Company of New York and UnitedHealthcare of New York, Inc. (collectively, "Defendants") have agreed to settle the above-captioned actions (the "Settling Actions") on the terms and conditions set forth in the Stipulation of Settlement (the "Stipulation") (this settlement process hereinafter referred to as the "Settlement").

Currently pending is an application for final approval of Settlement of the above-captioned *Doe* and *Smith* actions pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and of the Plan of Allocation;

Also pending is Plaintiffs' application for an Attorneys' Fees and Expenses Award and Class Representatives' Incentive Award (the "Fee and Incentive Award Application").

In addition, the Stipulation also resolves the two above-captioned enforcement actions: *Walsh v. United Behavioral Health et al.*, Case No. 21-cv-____ (E.D.N.Y.), brought by the Secretary of Labor ("DOL Action"); and *James v. UnitedHealth Group Incorporated et al.*, Case No. 21-cv-____ (E.D.N.Y.), brought by the New York Attorney General ("NYAG Action").

In connection with the Settlement and the current applications before the Court, the Court makes the following findings:

A.      On _____, 2021, the Court entered Findings and Order Preliminarily Certifying the *Doe/Smith* Settlement Class, Granting Preliminary Approval to Proposed Class Settlement, Approving Form and Dissemination of Class Notice, and Setting Date for Fairness Hearing (ECF No. __) (the "Preliminary Approval Order") preliminarily certifying the proposed *Doe/Smith* Settlement Class under Rule 23; appointing Class Counsel, the class representatives, and a Settlement Administrator; and directing that notice be given to the members of the *Doe/Smith*

3

Settlement Class (each a "*Doe/Smith* Settlement Class member") of the proposed Settlement and of a Fairness Hearing.

B.      In the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Settlement Notice") directed to *Doe/Smith* Settlement Class members.

C.      During the period _____ 2021, through _____, 2021, the Settlement Administrator caused the Settlement Notice to be mailed to all *Doe/Smith* Settlement Class members, which informed them of the principal Settlement terms, including the Plan of Allocation, and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval to the Settlement and Plan of Allocation; (ii) whether the Court should enter final judgment dismissing the Settling Actions with prejudice; (iii) the amount of an Attorneys' Fees and Expenses Award, if any, to be awarded to Class Counsel; (iv) whether to approve the payment of the Incentive Award to the Class Representatives and the amount of the Incentive Award; and (v) any objections by *Doe/Smith* Settlement Class members to any of the above that were timely and properly served in accordance with the Preliminary Approval Order. The Settlement Notice referred *Doe/Smith* Settlement Class members to a dedicated settlement website that provided more detailed information about the cases and the Settlement, including instructions about how to opt-out or object, and relevant filings from the case.

D.      On _____, Plaintiffs filed the Fee and Incentive Award Application.

E.      Pursuant to the Settlement Notice, _____ persons chose to exclude themselves from the *Doe/Smith* Settlement Class and not participate in the Settlement by submitting timely and valid Opt-Out Forms, and _____ objection(s) to the Settlement was/were filed with the Court and/or made at the Fairness Hearing.

F.      On _____, 2021, the Settlement Administrator filed with the Court proof of mailing of the Settlement Notice to all *Doe/Smith* Settlement Class members.

G.      Defendants, or the Settlement Administrator on Defendants' behalf, mailed

4

conforming Class Action Fairness Act Notices ("CAFA Notices") to the appropriate persons or entities.

H.    In accordance with the Settlement Notice, a Fairness Hearing was held on _____ \_\_, 2021.

The Court having entered the Preliminary Approval Order, having heard argument in support of the Settlement and Plan of Allocation, and the Fee and Incentive Award Application, having reviewed all of the evidence, objections, and other submissions presented with respect to the Settlement and Plan of Allocation, and the record of all proceedings in this case, and having made the foregoing findings,

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement.

2.    The Court has jurisdiction over the subject matter of the Settling Actions and personal jurisdiction over all parties to the Settling Actions, including all *Doe/Smith* Settlement Class members.

3.    The Court certifies the *Doe/Smith* Settlement Class, which is defined as the individuals identified on the Class List. The Class List reflects Defendants' reasonable efforts to identify all individuals who meet the criteria below:

> All members currently or formerly enrolled in fully-insured and self-insured ERISA Oxford and United Plans who received out-of-network outpatient behavioral health services and whose reimbursement amounts were reduced, by 25% or 35% because they were provided by psychologists or masters level counselors/social workers, respectively, for dates of service November 22, 2013 forward, or by 25% because they were provided by psychologists or

masters level counselors/social workers, for dates of service November 22, 2013 to May 1, 2015.

The *Doe/Smith* Settlement Class subsumes within it: (i) members of fully insured ERISA commercial Oxford and United Plans sitused in New York, which are the subject of the NYAG Action; and (ii) the members of the Settlement Class of the DOL Action, which consists of all self-insured members of the *Doe/Smith* Settlement Class plus all fully-insured members whose plan documents did not disclose the Tiered Reimbursement Policy, the latter members the Secretary shall not attempt to ascertain.

4.      The Court finds, for settlement purposes only, that the *Doe/Smith* Settlement Class satisfies the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

5.      Pursuant to Fed. R. Civ. P. 23(e)(2), the Court hereby approves and confirms the Settlement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Settling Actions.

6.      The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions. .

7.      In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, _____ Settlement Notices were timely distributed by first-class mail to all *Doe/Smith* Settlement Class members who could be identified from Defendants' records. Of those initially returned as undeliverable, the Settlement Administrator searched for updated address information and re-mailed notices to the _____ *Doe/Smith* Settlement Class members for whom it identified an updated address. In total, the Notice was successfully sent to ___% of the Class.

6

8.      All requirements of the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711,

*et seq.*, have been met, and Defendants have fulfilled their obligations under CAFA by the

Settlement Administrator's timely providing notice of the Settlement to the Attorneys General

for each of the states in which a *Doe/Smith* Settlement Class member resides, the Attorney

General of the United States, and the United States Secretary of Labor.

9.      The form and methods of notifying the *Doe/Smith* Settlement Class members of

the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P.

23(c)(2) and (e), and due process, and constituted the best notice practicable under the

circumstances; and due and sufficient notice of the Fairness Hearing and the rights of all

*Doe/Smith* Settlement Class members have been provided to the people, powers, and entities

entitled thereto.

10.     The Court finds that the Settlement is fair, reasonable, and adequate, based on the

following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

a.      The Class Representatives and Class Counsel have adequately represented

the Class.

b.      The Settlement resulted from arm's-length negotiations by experienced

and competent counsel;

c.      The Settlement was negotiated only after Class Counsel had litigated the

case for several years, conducted thorough discovery of documentary evidence; conducted a pre-

settlement investigation; and received pertinent information and documents from Defendants;

d.      Class Counsel and the Class Representatives have concluded that the

Settlement is fair, reasonable, and adequate; and

7

e.     The relief provided for the *Doe/Smith* Settlement Class is adequate, taking

into account the factors in Fed. R. Civ. P. 23(e)(2)(C) as relevant, including: (i) the costs, risks,

and delay of trial and appeal; (ii) the effectiveness of distributing the proposed relief to the

*Doe/Smith* Settlement Class; and (iii) the terms of the Attorneys' Fees and Expenses Award and

Class Representatives' Incentive Award.

f.     The Settling Parties were well-positioned to evaluate the value of the

Settling Actions;

g.     If the Settlement had not been achieved, both Plaintiffs and Defendants

faced the expense, risk, and uncertainty of extended litigation;

h.     The Class Representatives have actively and independently participated in

the litigation;

i.     *Doe/Smith* Settlement Class members had the opportunity to be heard on

all issues regarding the resolution and release of their claims by submitting objections to the

Settlement to the Court; and

j.     There were ____ objection(s) to the Settlement.  ECF No(s). ___.  That

objection was timely submitted.  The Court has considered it/them, and hereby overrules it/them

with prejudice.

11.     The Motion for Final Approval of Class Settlement is hereby GRANTED, the

settlement of the Settling Actions is APPROVED as fair, reasonable, and adequate to the

*Doe/Smith* Settlement Class, and the Settling Parties are hereby directed to take the necessary

steps to effectuate the terms of the Settlement.

12.     The Settlement is also APPROVED as to the DOL Action and NYAG Action.

8

13.     The Fee and Incentive Award Application (ECF No. ___) is GRANTED. The Court finds reasonable the fee and expense request and the Incentive Awards for the Class Representatives, and awards Plaintiffs' attorneys' fees and expenses in the amount of $_____, and awards Incentive Awards to the three Class Representatives in the amount of $_____ each.

14.     Neither the Settlement, this Final Approval Order and Judgment, any papers related to the Settlement, nor the fact of the Settlement is intended to be construed as either a finding by the Court, or an admission or denial by Defendants, of fault, wrongdoing, or liability.

15.     The Parties and the Settlement Administrator shall carry out all of the terms of the Settlement, including the payment of the Settlement Amount, the distribution of payments to each of the Class Members as provided in the Plan of Allocation, and the release provisions in the Stipulation, in accordance with the terms of the Stipulation.

16.     The operative Complaints and all claims asserted therein, whether asserted by the Class Representatives on their own behalf or on behalf of the *Doe/Smith* Settlement Class members, the Secretary of Labor, or the New York Attorney General are hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement.

17.     Upon the Effective Date, and under the terms of the Stipulation:

a.      Each *Doe/Smith* Settlement Class member and their respective current and former employees, attorneys, heirs, executors, administrators, agents, legal representatives, conservators, professional corporations, partnerships, assigns, successors, and with respect to minors, parents and guardians, will fully, finally, and forever release, relinquish, and discharge all of the Defendants and their Affiliated Entities from, and shall forever be enjoined from

9

7885429-1

prosecution of Defendants and their Affiliated Entities for, any and all Class Action Released Claims.

(1)     *Doe/Smith* Settlement Class members shall not bring an action against Defendants challenging the current License-Level Reimbursement Policy for one (1) year after the date of the Order of Final Approval of Settlement, as long as the current License-Level Reimbursement Policy remains in place without substantial change. Defendants' adjustment of the License-Level Reimbursement Policy consistent with CMS tiering does not constitute a "substantial change." Nothing in this Section 17(a)(1) limits or precludes an action to enforce the Stipulation.

(2)     The *Doe/Smith* Settlement Class members hereby waive any and all provisions, rights, and benefits conferred under California Civil Code section 1542 or by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code section 1542, which provides:

"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Class Plaintiffs shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and was a key element of the Stipulation.

b.     The Secretary shall release all claims that it brought or could have brought against Defendants and their Affiliated Entities related to the facts alleged in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary and/or the DOL Action.

10

7885429 1

c.      NYAG shall release all claims that it brought or could have brought against Defendants and their Affiliated Entities related to the facts alleged in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary and/or the NYAG Action except for claims relating to a reinstitution in New York by Defendants of the Tiered Reimbursement Policy after the Order of Final Approval, or application of the License-Level Reimbursement Policy or a similar policy.

d.      Defendants and their Affiliated Entities release: (i) any claims, rights, and liabilities of any nature, including but not limited to, actions, claims, demands, causes of action, obligations, damages, debts, charges, attorneys' fees, costs, arbitrations, forfeitures, judgments, indebtedness, liens and losses of any kind, source or character, whether arising out of federal or state law, whether known or unknown, whether asserted or unasserted, arising on or before the date of the Order of Final Approval of Settlement, whether in contract, express or implied, tort, at law or in equity or arising under or by virtue of any statute or regulation, by reason of, or arising out of claims that were brought or could have been brought in the Class Actions prior to the date of the Order of Final Approval of Settlement relating to the Tiered Reimbursement Policy or the benefit claims referenced in the Class Claims Data that were subject to the Tiered Reimbursement Policy; (ii) any claims, including those arising out of the Equal Access to Justice Act, that they may have against the Secretary relating to the investigation of the claims described in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary; and (iii) any claims that they may have against NYAG relating to its investigation of the claims described in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary.

18.      The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the *Doe/Smith* Settlement Class members pursuant

11

to the provisions of ERISA and expressly retains that jurisdiction with regard to implementation, enforcement, and administration of this Stipulation and this Final Approval Order, including the release provisions thereof and disposition of the Tiered Reimbursement Settlement Fund. Any motion to enforce this Final Approval Order or the Settlement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement and/or this Final Approval Order shall serve as and may be asserted as an absolute and complete affirmative defense and/or counterclaim to any action that is asserted in violation of the Settlement, in this or any other forum. However, nothing shall prevent Defendants from seeking to dismiss or otherwise terminate any action or proceeding related to a released claim on grounds other than operation of the Settlement and/or this Final Approval Order; nor shall the assertion of other grounds for the dismissal or termination of an action or proceeding related to a released claim prevent Defendants from later asserting that such action or proceeding is prohibited under the Settlement and/or this Final Approval Order.

19.     Upon the effective date of this Order, *Doe/Smith* Settlement Class members, the Secretary, NYAG, and Defendants shall be bound by the Settlement.

20.     The Action is dismissed with prejudice and without costs (except as otherwise provided herein).

This is a final judgment

**IT IS SO ORDERED.**

DATED: _____, 2021

_____
UNITED STATES DISTRICT JUDGE

12

7885429 1

# EXHIBIT C

LEGAL NOTICE BY ORDER OF
THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

**If you sought health insurance coverage or benefits for out-of-network behavioral health services provided by psychologists or masters level counselors/social workers from November 22, 2013 to_____, 2021 from an employer-sponsored plan where both medical/surgical and behavioral health/substance use disorder benefits were administered by**

**UnitedHealth Group Incorporated, United Behavioral Health, United Healthcare Insurance Co., Oxford Health Plans, LLC, Oxford Health Plans (NY), Inc., Oxford Health Insurance, Inc., UnitedHealthcare Insurance Company of New York, or UnitedHealthcare of New York, Inc., you could get a payment from the proposed settlement of a class action lawsuit.**

READ THIS NOTICE CAREFULLY

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- **There is a proposed settlement ("Settlement") with UnitedHealth Group Incorporated, United Behavioral Health, United Healthcare Insurance Co., Oxford Health Plans, LLC, Oxford Health Plans (NY), Inc., Oxford Health Insurance, Inc., UnitedHealthcare Insurance Company of New York, and UnitedHealthcare of New York, Inc. (together, "United") in two putative class action lawsuits: (1) *Jane Doe v. UnitedHealth Group, Inc. et al.*, Case No. 1:17-cv-4160 (E.D.N.Y.) ("*Doe* Action"); and (2) *Jane Smith et al. v. United Healthcare Insurance Co. et al.*, Case No. 1:21-cv-02791-PKC-PK (E.D.N.Y.) ("*Smith* Action"). This notice will refer to the two cases together as the "Class Action," as they have been consolidated for purposes of this Settlement.** The proposed settlement also resolves related actions filed by the New York State Attorney General ("NYAG"), captioned *James v. UnitedHealth Group Incorporated et al.*, Case No. 21-cv-____ (E.D.N.Y.), and the Secretary of Labor, captioned *Walsh v. United Behavioral Health et al.*, Case No. 21-cv-____ (E.D.N.Y.).

- The Settlement will resolve the Class Action, which alleged that United violated its obligations under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA") by improperly reducing eligible or allowed amounts by 25% for services provided by out-of-network psychologists and by 25% or 35% for services provided by out-of-network masters level counselors/social workers (the "Tiered Reimbursement Policy"). In the Class Action, United denied all of the Plaintiffs' claims, but has agreed to the Settlement to resolve the Class Action.

7882274.2

- The Settlement requires United to pay $10 million (the "Settlement Amount") to persons whose claims were impacted by the Tiered Reimbursement Policy. About 97.22% of the Settlement Amount will be distributed to the *Doe/Smith* Class pursuant to the Plan of Allocation approved by the Court. The other 2.78% of the Settlement Amount ($278,000) will be distributed to members of non-ERISA commercial Oxford and United Plans (state and local government employee benefit plans, individual enrollees, and church plans) ("NY Non-ERISA Plans") under the settlement of the NYAG action.

- Under the Settlement, Class Members will release any individual legal claims they may have against United arising out of or related to the Tiered Reimbursement Policy or claims for benefits that were subject to the Tiered Reimbursement Policy from November 22, 2013 to _____ [date of signing Stip].

- Your rights and options—and the deadlines to exercise them—are explained in this notice. Read this notice carefully.

  - If you have questions, go to www.UnitedTieredReimbursementSettlement.com, call 1-877-890-8089, or email mail@UnitedTieredReimbursementSettlement.com. You can also write to United Tiered Reimbursement Settlement Administrator, c/o_____.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS FOR THE SETTLEMENT | |
| --- | --- |
| **REMAIN A MEMBER OF THE CLASS** | **To remain a class member for the Settlement, you do not need to do anything.** You automatically will be included in the Class and your portion of the Settlement Fund will be calculated based on United's records.<br><br>If you remain in the Class, you will give up your right to sue United for claims relating to the Tiered Reimbursement Policy or the benefit claims in United's records that were subject to the Tiered Reimbursement Policy. |
| **EXCLUDE YOURSELF FROM THE CLASS** | You may request exclusion from the Class (also known as "opting out") by filling out the "Opt-Out Form" online or submitting an email or letter to the Settlement Administrator at the address below. **The request(s) for exclusion must be submitted electronically or postmarked no later than _____.**<br><br>If you exclude yourself from the Settlement, you will not lose your claims against United, and you will not be bound by any judgments or orders of the Court as to the Settlement, but you also will not be eligible for any payment from the Settlement nor will you be able to object to the Settlement. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you don't like the Settlement. To object to or comment on the Settlement, you must send a copy of the appropriate papers via mail to the Court, Class Counsel, and counsel for United. Their addresses are listed below. **Your written objection must be filed with the Court and sent to Class Counsel and counsel for United no later than _____.** <br><br> If you object to the Settlement, you will remain a Class Member. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. <br><br> The Court will hold a Fairness Hearing on _____, at _____ to consider whether the Settlement is fair, reasonable, and adequate. The Court may also consider the motion for Class Counsel's attorneys' fees, costs, and expenses, and for an incentive award for the class representatives. If you want to speak at the Fairness Hearing, you must let the Court and the parties know by providing the Court and the parties with a letter that is received by _____, stating that you intend to appear at the hearing. You cannot speak at the hearing if you opt out of the Settlement. |

## BASIC INFORMATION

### 1. WHAT IS THIS LAWSUIT ABOUT?

The Class Action alleges that United, in violation of ERISA and the MHPAEA, improperly applied the Tiered Reimbursement Policy during the Class Period to reduce the allowed benefit amounts for out-of-network behavioral health services by 25% for psychologists and by 25% or 35% for masters level counselors/social workers. Plaintiffs allege that the Tiered Reimbursement Policy violated the requirements of the MHPAEA because United did not have a comparable policy that reduced the eligible or allowed reimbursement for medical or surgical services.

United contends that it has fully complied with the law.

On July 2, 2019, United changed its Tiered Reimbursement Policy and replaced it with another policy (the "License-Level Reimbursement Policy"). The Class Action does not challenge the License-Level Reimbursement Policy.

### 2. WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more "class representatives" sue on behalf of themselves and

other people who have similar claims. Together, the class representatives and other people who have similar claims are called a "class" or "class members." The putative class representatives for the Settlement are Jane Doe, Jane Smith, and Jane Roe, which are pseudonyms (fake names) to protect their privacy. All of the class representatives were subject to the Tiered Reimbursement Policy.

## WHO IS IN THE SETTLEMENT

### 3.  WHO IS A CLASS MEMBER?

In connection with the Settlement, the Court preliminarily approved a Class for purposes of the Settlement.  The Class consists of:

> All members currently or formerly enrolled in fully-insured and self-insured ERISA Oxford and United Plans who received out-of-network outpatient behavioral health services and whose reimbursement amounts were reduced by 25% or 35% because they were provided by psychologists or masters level counselors/social workers, respectively, for dates of service November 22, 2013 to _____ , 2021, or by 25% because they were provided by psychologists or masters level counselors/social workers, for dates of service November 22, 2013 to May 1, 2015.

The Class Period is November 22, 2013 to _____ [DATE OF STIP EXECUTION]

The *Doe* Action was filed on July 13, 2017, in the Eastern District of New York. The *Smith* Action was filed on October 16, 2018 in the Northern District of California. After the parties agreed to settle the lawsuits, they agreed to transfer the *Smith* Action to the Eastern District of New York and to consolidate the two cases before one judge to make the settlement process more efficient.

Excluded from the Class are the federal judges who have presided over the Class Action, and individuals and entities who timely and validly request exclusion ("opt out") from the Class.

If you are not sure whether you are a member of the Class, you can email or write to the lawyers in this case at the addresses listed in Question 10.

### 4.  DID THE COURT DECIDE WHO IS RIGHT?

No, the parties entered into the Settlement before the Court decided if the cases should proceed as class actions, and before the lawsuits reached a trial or court decision. If the Court approves the Settlement, there will not be a trial or decision about which side was right.

## WHAT THE SETTLEMENT PROVIDES

### 5.  WHAT DOES THE SETTLEMENT DO?

The Settlement has three major parts: (1) payments to the Class; (2) prospective relief; and (3) a release by Class Members of legal claims arising out of or related to the Tiered Reimbursement

Policy or the benefit claims in United's records that were subject to the Tiered Reimbursement Policy.

**(1)   Payments to the Class**

Under the Settlement, United will make a lump sum payment of $10 million. This Settlement Amount will make up the "Settlement Fund." The Settlement Fund will be used to reimburse Class Members who qualify for a Pro Rata Payment (defined below) pursuant to the Court-approved plan of allocation. A Settlement Administrator who has experience handling cases that involve protected health information will oversee the distribution of payments from the Settlement Fund to eligible Class Members. A small portion of the Settlement Fund (approx. 2.78%) will be paid to members of NY Non-ERISA Plans pursuant to the settlement between the NYAG and United.

A summary of how the Settlement Fund will be distributed to Class Members (the "Plan of Allocation") is as follows:

1. You may be entitled to a proportional share of the Settlement Fund (a "Pro Rata Payment") based on your Total Individual Tiering Impact, which is the total estimated additional amount of benefits that you would have been entitled to receive if the Tiered Reimbursement Policy had not been applied to your claims.

2. For each applicable claim, the "Tiering Impact" will be the difference between (i) the actual amount that United allowed for the claims that were subject to the Tiered Reimbursement Policy, and (ii) the amount that would have been allowed if United had not applied the Tiered Reimbursement Policy to those claims, adjusted as follows:

   a. For a claim for service that was provided by a masters level counselor/social worker, the "corrected" amount in paragraph 2(ii) will be reduced by 25%.

   b. For a claim where the charge billed by your provider was less than what would be calculated as the "Revised Allowed Amount" (that is, the allowed amount without application of the Tiered Reimbursement Policy), the Revised Allowed Amount equals the billed charge.

   c. For a claim that was subject to a coinsurance requirement, the amount that is the difference between the original allowed amount and the Revised Allowed Amount will be multiplied by (1–coinsurance percentage) to calculate the "Tiering Impact" for that claim.

      **EXAMPLE**: If the original allowed amount was $100, the Revised Allowed Amount is $125, and the coinsurance percentage for that claim was 20%, the Tiering Impact for that claim would be $20: ($125-$100)*.80= $20.

   d. For a claim where the sum of the paid amount, coinsurance amount, copay amount, and deductible amount equaled the billed charge, the Tiering Impact is zero.

7882274 2

c.  For a claim line where the deductible amount equaled the Allowed Amount, the Tiering Impact is zero.

3.  The Tiering Impact for all of your claims will be added together to determine the Total Individual Tiering Impact. The Total Individual Tiering Impact will be used to calculate your Pro Rata Payment.

**4.  IF YOUR PRO RATA PAYMENT IS LESS THAN FIFTEEN DOLLARS ($15), YOU WILL NOT RECEIVE A PRO RATA PAYMENT.**

5.  If you are eligible to receive a Pro Rata Payment, the amount you receive will likely be in the range of 55%-70% of your Total Individual Tiering Impact.

**YOU CAN REVIEW THE FULL PLAN OF ALLOCATION ON THE SETTLEMENT WEBSITE, WWW.UNITEDTIEREDREIMBURSEMENTSETTLEMENT.COM.**

(2)      **Prospective (Forward-Looking) Relief**

The second major part of the Settlement is Defendants' agreement not to reinstate the Tiered Reimbursement Policy for Oxford and United Plans. United and Oxford currently apply a different policy, the "License-Level Reimbursement Policy," for self- and fully-insured Oxford and United Plans, except for fully-insured ERISA plans and non-ERISA commercial plans (e.g., state and local government employee benefit plans, individual enrollees, and church plans) governed by New York law. The License-Level Reimbursement Policy can be viewed on the Settlement website.

In addition, Defendants will continue not to apply either the Tiered Reimbursement Policy or License-Level Reimbursement Policy to fully-insured ERISA Oxford and United Plans governed by New York law and Non-ERISA Oxford and United Plans governed by New York law for a minimum of two (2) years after the Settlement receives final approval from the Court. If, for these New York plans, Defendants seek to reinstitute the discontinued Tiered Reimbursement Policy or to apply the License-Level Reimbursement Policy or a similar policy after the two-year period, they must give notice and a description of such policy to the NYAG.

Defendants will continue to provide accessible and comprehensible language explaining their application of the License-Level Reimbursement Policy on their website.

(3)      **Release of Claims Against United and Covenant Not To Sue for a Year about the License-Level Reimbursement Policy**

_Release._ Upon the Effective Date of the Settlement after final approval, the Class Members will release United (and related entities) for all legal claims against it relating to the Tiered Reimbursement Policy or the claims in United's records for the Class Period that were subject to the Tiered Reimbursement Policy. The definition of "Class Action Released Claims" in the Settlement Agreement is:

> any claims, rights, and liabilities of any nature, including but not limited to, actions, claims, demands, causes of action, obligations,

damages, debts, charges, attorneys' fees, costs, arbitrations, forfeitures, judgments, indebtedness, liens and losses of any kind, source or character, whether arising out of federal or state law, whether known or unknown, whether asserted or unasserted, arising on or before the date of the Order of Final Approval of Settlement, whether in contract, express or implied, tort, at law or in equity or arising under or by virtue of any statute or regulation, by reason of, or arising out of claims that were brought or could have been brought prior to the date of the Order of Final Approval of Settlement relating to the Tiered Reimbursement Policy or the benefit claims referenced in the Class Claims Data that were subject to the Tiered Reimbursement Policy. The release will apply to all members of the *Doe/Smith* Settlement Class, regardless of whether they receive payment from the Tiered Reimbursement Settlement Fund.

Covenant Not To Sue For One Year. In addition, Class Plaintiffs also agree that they will not bring an action against United challenging its License-Level Reimbursement Policy for one (1) year after the date of the Order of Final Approval of Settlement, as long as the current License-Level Reimbursement Policy remains in place without substantial change. United's adjustment of the License-Level Reimbursement Policy consistent with Medicare policy does not constitute a "substantial change."

## IF YOU DO NOTHING

### 6. WHAT HAPPENS IF I DO NOTHING?

If you do nothing, you will be included in the Class. You may get a payment according to the Plan of Allocation described above. And you will be bound by the Settlement if it is finally approved by the Court. If you do nothing, you will not be able to sue United on your own for the Class Action Released Claims as described in the part of Question 5 titled "Release of Claims against United." If you want to pursue any claim related to the issues in this case on your own and at your own expense, you should opt out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 7. WHY WOULD I ASK TO BE EXCLUDED (OPT OUT)?

You should ask to be excluded if you want to keep your right to pursue your own individual lawsuit against United relating to the issues in the lawsuit. If you choose to opt out, you will not receive any payment from the Settlement Fund, but you will not be bound by the Settlement either, including the release.

### 8. HOW DO I OPT OUT OF THE CLASS?

To exclude yourself from the Class, you must do one of the following: (1) go to www.UnitedTieredReimbursementSettlement.com and follow the directions for how to fill out

and submit the Opt-Out Form electronically; or (2) download and print out the Opt-Out Form from the website, fill it out and sign it, and send it by first class mail to the Settlement Administrator at: United Tiered Reimbursement Settlement Opt Out, c/o _____; or (3) email the completed and signed Opt-Out Form to the Settlement Administrator at mail@UnitedTieredReimbursementSettlement.com; or (4) mail or email to the Settlement Administrator a request for exclusion that includes your full name (and business name, if applicable), mailing address, email address, signature (or an electronic signature consisting of "/s/" plus your typed name), and the following statement: "I request that I be excluded from the *Doe/Smith* Settlement Class in the United Tiered Reimbursement cases before Judge Donnelly, Case Nos. 1:17-cv-4160 (E.D.N.Y.) and 1:21-cv-02791 (E.D.N.Y.)."

An opt-out request that does not clearly state you wish to be excluded—or that makes conflicting requests to be excluded and to receive monies under the Settlement—will not be treated as a valid opt-out.

**REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE _____, OR ARE NOT SUBMITTED ELECTRONICALLY ON OR BEFORE 11:59 PM EASTERN TIME ON _____, WILL NOT BE HONORED.**

## 9.  IF I DON'T EXCLUDE MYSELF, CAN I SUE FOR THE SAME THING LATER?

No. If the Court approves the Settlement and you do not opt-out by the deadline, you will be subject to the release of claims described in Question 5 above, and will lose your right to sue United for relief arising from the Class Action Released Claims. You are only eligible to receive a monetary payment from the Settlement if you do not exclude yourself.

## OBJECTING TO THE SETTLEMENT

## 10. HOW DO I OBJECT TO THE SETTLEMENT?

You can object to the Settlement, the proposed Plan of Allocation, the attorneys' fees and expenses requested, or the class representative incentive award. Submitting an objection gives you the chance to tell the Court why you think the Court should not approve one or more of these things, but will not exclude you from the Settlement. To object, you must send the Court a letter via first class mail stating why you object to the Settlement. Be sure to include your name, address, telephone number, and signature. You must mail the objection to these three different groups so that they are received by the Court, Class Counsel, and counsel for United no later than _____:

| Court | Class Counsel |
|---|---|
| Clerk of the Court United States District Court for the Eastern District of New York 225 Cadman Plaza East Brooklyn, NY 11201 | Andrew N. Goldfarb D. Brian Hufford Jason S. Cowart Zuckerman Spaeder LLP 1800 M Street, NW, Suite 1000 Washington, DC 20036 |

QUESTIONS? CALL _____ TOLL FREE, OR VISIT WWW.UNITEDTIEREDREIMBURSEMENTSETTLEMENT.COM

7882274 2

| United Counsel |
| --- |
| Christopher Flynn |
| Jennifer Romano |
| Michael W. Lieberman |
| CROWELL & MORING LLP |
| 1001 Pennsylvania Avenue, NW |
| Washington, DC 20004 |

**OBJECTIONS THAT ARE NOT RECEIVED BY THE COURT ON OR BEFORE _____ WILL NOT BE HONORED.**

## THE LAWYERS REPRESENTING YOU

### 11. DO I HAVE A LAWYER IN THE CASE?

Yes, unless you exclude yourself from the Class. The Court decided that D. Brian Hufford, Jason Cowart, and Andrew N. Goldfarb of Zuckerman Spaeder LLP, and Meiram Bendat of Psych Appeal, Inc., are qualified to represent the members of the Class. Together, the lawyers are called "Class Counsel."

### 12. WILL THE LAWYERS AND CLASS REPRESENTATIVE BE PAID, AND IF SO HOW?

The Settlement Agreement allows Class Counsel to ask the Court to approve payment of attorneys' fees and expenses, plus incentive awards of $20,000 for each of the class representatives, up to a total of $3.35 million. This payment will compensate Class Counsel for their work investigating the facts, litigating the case, and negotiating the Settlement, and the incentive awards will reflect the class representatives' service and positive contributions. **The amount of attorneys' fees and expenses and the incentive awards approved by the Court will be paid by United separate and apart from the Settlement Fund, and will not reduce the amount available for Class Members.** Plaintiffs will file a motion requesting attorneys' fees and litigation costs, and the incentive awards for the class representatives, no later than _____, so you will have time to review that motion prior to deciding whether you want to object or opt-out.

The amount that the class representatives (who brought the lawsuit and who have served as the named plaintiffs) receive for their claims will be determined by the same Plan of Allocation used for all Class Members.

Plaintiffs' motion for attorneys' fees and costs, and an incentive award to the class representatives, will be available on the website www.UnitedTieredReimbursementSettlement.com, or you can contact the Settlement Administrator.

### 13. HOW IS THE COST OF PROVIDING NOTICE TO CLASS MEMBERS PAID FOR?

7882274.2

The costs of providing notice about the Settlement to Class Members will be paid by United.

## THE FAIRNESS HEARING

### 14. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on _____, at _____, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The judge in the case, Judge Ann M. Donnelly, will listen to people who have asked in advance to speak at the hearing. The Court may also decide how much Class Counsel may receive in attorneys' fees and expenses. The Court may also decide how much the class representatives should receive as an incentive award. After the hearing, the Court will decide whether to approve the Settlement. It is not known how long these decisions will take.

The Court can change the date of the hearing without further notice, so please check the docket for the case if you want to appear to make sure that the date and time have not changed.

### 15. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. If you retain your own lawyer, your lawyer can attend on your behalf.

### 16. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Doe/Smith* United Tiered Reimbursement cases before Judge Donnelly, Case Nos. 1:17-cv-4160 (E.D.N.Y.) and 1:21-cv-02791 (E.D.N.Y.)." Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be received no later than _____, and must be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the three addresses in Question 10. You cannot speak at the hearing if you opted out of the Settlement.

## GETTING MORE INFORMATION

### 17. ARE THERE MORE DETAILS ABOUT THIS LAWSUIT?

Yes. Additional information regarding the lawsuit and the Settlement is also available at www.UnitedTieredReimbursementSettlement.com. The information includes the complaints filed in the Class Action; the Settlement Agreement and its attachments; the Opt-Out Form and Objection Form; and the motion for preliminary approval of the Settlement, along with the

exhibits to the motion. In addition, the motion for attorneys' fees and expenses will be posted to the website after it is filed on or before _____.

### 18. HOW CAN I LEARN MORE?

If you have additional questions about the Settlement or the case, you can go to www. UnitedTieredReimbursementSettlement.com, call 1-877-890-8089, or email mail@ UnitedTieredReimbursementSettlement.com. You can also write to the United Tiered Reimbursement Settlement Notice Administrator, c/o _____.

7882274.2

EXHIBIT D



[Settlement Administrator]
PO Box XXX
City, ST 12345-0000

PRE-
SORTED
First-Class
Mail
US Postage
Paid
City, ST
Permit No:
XXX

A federal court authorized this notice.
This is not a solicitation from a lawyer.

**Under a class action settlement
and a settlement with the
New York Attorney General and
the U.S. Department of Labor,
you may be entitled to receive an
AUTOMATIC payment from**

UnitedHealthcare
Oxford

Questions? Call (xxx) xxx-xxxx or visit
www.settlement.com
*Para una notificación en español,*

[Class Member Name]
[Street Address]
[City, State, ZIP]

*The United States District Court for the Eastern District of New York authorized this Notice. This is not a solicitation from a lawyer.*

**If you sought health insurance coverage or benefits for out-of-network behavioral health services provided by psychologists or masters level counselors/social workers from November 22, 2013 to_____, 2021 from an employer-sponsored plan administered by an affiliate of UnitedHealth Group, including but not limited to United Healthcare Insurance Company, Oxford Health Insurance, Inc. or United Behavioral Health (collectively, "United"), you may be affected by a class action settlement.**

**Why Are You Receiving This Notice?** This Notice is about the proposed settlement of class action lawsuits: *Doe v. UnitedHealth Grp., Inc. et al.*, Case No. 17-cv-4160 (EDNY); and (2) *Smith v. United Healthcare Ins. Co. et al.*, Case No. 21-cv-02791 (EDNY), (together, the "Class Action"). You are receiving this Notice because United has identified you as a person  covered by an employer-sponsored health plan where both medical/surgical and behavioral health/substance use disorder benefits were administered by United, who received behavioral health services from an out-of-network psychologist or masters level counselor/social worker between November 22, 2013 and _____, 2021, and who had one or more benefit claims that was subject to United's Tiered Reimbursement Policy (defined below). You are thus a member of the Settlement Class. The proposed settlement also resolves related actions filed by the New York State Attorney General ("NYAG"), captioned *James v. UnitedHealth Group Inc. et al.*, Case No. 21-cv-____ (E.D.N.Y.), and the Secretary of Labor, captioned *Walsh v. United Behavioral Health et al.*, Case No. 21-cv-____ (E.D.N.Y.). *This notice summarizes the Settlement and your right to exclude yourself from the Settlement ("opt-out") or object.*

**What Is the Lawsuit About?** The Class Action alleges that United, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Federal Mental Health Parity Law, improperly reduced the allowed benefit amounts for out-of-network behavioral health services by 25% for psychologists and by 25% or 35% for masters level counselors/social workers (the "Tiered Reimbursement Policy"). Plaintiffs allege that the Tiered Reimbursement Policy violated the requirements of ERISA and the mental health parity law. United denied the allegations made in the Class Action.

**What is the Settlement?** The Settlement has three major parts. First, United will make a lump sum payment of $10 million, which will be paid on a pro rata basis to eligible Class Members (except for about 2.8%, which will be allocated among members of non-ERISA plans covered by the NYAG settlement). The payments will cover a portion of the alleged underpayment of benefits that resulted from application of the Tiered Reimbursement Policy. Payments will be determined and paid pursuant to the Court-approved plan of allocation. Class Members whose pro rata share of the settlement amount is less than $15 will not receive a payment. Second, United will not reinstate the Tiered Reimbursement Policy, and will not apply any tiered reimbursement to behavioral health benefits claims to plans governed by New York law for at least two years. Third, all Class Members will release legal claims arising out of or related to the Tiered Reimbursement Policy or the benefit claims in United's records that were subject to the Tiered Reimbursement Policy.

In addition, Class Members will agree not to bring an action against United challenging its License-Level Reimbursement Policy for one year after the date the Settlement is finally approved, as long as the current License-Level Reimbursement Policy remains in place without substantial change. Also, subject to approval by the Court, Plaintiffs will seek $3,350,000 for attorneys' fees and expenses and service awards to the Class representatives, an amount to be paid by United separately from the lump sum payment.

**What Do I Need to Do Now?** You do not have to do anything to be covered by the proposed Settlement. If the Settlement is approved by the Court, you will automatically be eligible to receive benefits of the Settlement. You can also opt out of the Settlement—if you do that, you will retain your legal claims relating to the Tiered Reimbursement Policy, but will not receive any benefits from the Settlement. You may also choose to remain a Class Member but object to the Settlement. For more information about the Settlement and instructions on opting out or objecting, visit the website listed below or contact the Settlement Administrator using the contact information below. *It is important to note that the deadline for opting out or objecting is _____, 2021.* The Court will hold a hearing on _____, 2021 to decide if the Settlement is fair, reasonable, and adequate. You may ask to appear at that hearing.

**Where Can I Get More Information?** You can obtain a more detailed notice and other important documents, including the Settlement Agreement (which contains definitions of the capitalized terms in this summary notice), at www.UnitedTieredReimbursementSettlement.com; or by contacting the Settlement Administrator at ###-###-#### or mail@UnitedTieredReimbursementSettlement.com. **Please do not call United.**

7882275 2

# EXHIBIT E

# PLAN OF ALLOCATION

*Jane Doe v. UnitedHealth Group, Inc. et al.*, Case No. 1:17-cv-4160 (E.D.N.Y.)
*Jane Smith v. United Healthcare Ins. Co. et al.*, Case No. 1:21-cv-02791-PKC-PK (E.D.N.Y)
*Walsh v. United Behavioral Health, et al.*
*James v. UnitedHealth Group Inc., et al.*

## I.   OBJECTIVE

The goal of this Plan of Allocation is to distribute to Settlement Class Members, after final approval of the Settlement, their respective Pro Rata Payments of the Tiered Reimbursement Settlement Fund, when such Pro Rata Payments exceed the De Minimis Threshold, according to the following Plan of Allocation. All information used to determine each Settlement Class Member's Pro Rata Payment, if any, will be based on information in the records of Defendants ("United/Oxford").[1]

## II.   DEFINITIONS

A.    "Settlement Class Member" means a member of the *Doe/Smith* Settlement Class as defined in Settlement § 1.27.

B.    The "Tiered Reimbursement Settlement Fund" has the meaning given that term in Settlement § 1.32.

C.    "Tiered Reimbursement Policy" has the meaning given that term in Settlement § 1.31.

D.    "Allowed Amount" equals the amount originally allowed by United/Oxford for a particular claim that was subject to the Tiered Reimbursement Policy, as reflected in United/Oxford's records.

E.    "Tiering Impact" means the dollar amount that, for a particular claim, represents the impact that the Tiered Reimbursement Policy had on the Allowed Amount. The Tiering Impact is calculated as follows:

---

[1]    This Plan of Allocation incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used but not expressly defined in this Plan of Allocation shall have the same meaning as in the Settlement Agreement.

7882276.1

1. For Oxford claim lines where the Provider Specialty Description was equal to "PSYCHOLOGY" and United claim lines where the Provider Specialty Description was equal to "PSYCHOLOGIST," the Revised Allowed Amount equals the full applicable Fair Health Percentile amount for that claim line. For all other claim lines that did not have the Provider Specialty Description equal to "PSYCHOLOGY"/ "PSYCHOLOGIST," the Revised Allowed Amount equals 75% of the applicable Fair Health Percentile amount for that claim line.

2. For claim lines where the billed charge was less than the Revised Allowed Amount calculated in paragraph E.1, the Revised Allowed Amount is adjusted to equal the billed charge.

3. Calculate the difference between the Revised Allowed Amount and the Allowed Amount.

4. For claim lines that had a coinsurance percentage greater than zero, multiply the amount in paragraph E.3. by (1 – coinsurance percentage) to calculate the "Tiering Impact." For example, if the coinsurance percentage for a particular Settlement Class Member was 20%, multiply the amount in paragraph E.3. by .80.

5. For claim lines where the sum of the paid amount, coinsurance amount, copay amount, and deductible amount equaled the billed charge, the Tiering Impact was set to zero.

6. For claim lines where the deductible amount equaled the Allowed Amount, the Tiering Impact was set to zero.

7. For claim lines where the Tiering Impact was less than zero, the Tiering Impact was set to zero.

F. "Total Individual Tiering Impact" means, for each Settlement Class Member, the sum of the Tiering Impact for all claims during the Class Period.

G. "Total Class Tiering Impact Amount" means the sum of the Total Individual Tiering Impact for all Settlement Class Members.

H. "United/Oxford Claim Data" means data provided to the Settlement Administrator that includes, for each Settlement Class Member, the following fields:

1. Name of Settlement Class Member

2. Last Known Address of Settlement Class Member

3. The dollar amount reflecting the "Total Individual Tiering Impact" as reflected in United/Oxford's records

2

7882276 1

I.      "Pro Rata Share" equals the Settlement Class Member's Total Individual Tiering Impact divided by the Total Class Tiering Impact Amount.

J.      "Pro Rata Payment" means the portion, if any, of the Tiered Reimbursement Settlement Fund to be paid to each eligible Settlement Class Member, as calculated below.

K.      "Settlement Amount" means $10,000,000.

L.      "De Minimis Threshold" means Fifteen Dollars ($15.00).

## III.   DETERMINATION OF PRO RATA PAYMENTS TO SETTLEMENT CLASS MEMBERS

Each Settlement Class Member may be eligible to receive a Pro Rata Payment from the Tiered Reimbursement Settlement Fund based on his or her Total Individual Tiering Impact, as follows:

Step 1: Determine that Settlement Class Member's Pro Rata Share.

Step 2: Multiply the Settlement Class Member's Pro Rata Share by the Tiered Reimbursement Settlement Fund. The product equals the Pro Rata Payment. The Pro Rata Payment to each Settlement Class Member who receives one will be an amount that is up to, but does not exceed, the value of his/her Total Individual Tiering Impact.

Step 3: Apply the De Minimis Threshold. The De Minimis Threshold is set in order to preserve the Tiered Reimbursement Settlement Fund when the administrative costs of cutting a check for a particular Settlement Class Member are likely to exceed the value of that Settlement Class Member's Pro Rata Payment. **If the Pro Rata Payment for a Settlement Class Member is equal to or less than the De Minimis Threshold, no payment will be made to such Settlement Class Member.** The amount that is the sum of all Pro Rata Payments that do not exceed the De Minimis Threshold will be distributed pro rata to the other Settlement Class Members, based on the formula set out above.

## IV.   TIMING FOR DISTRIBUTION AND CASHING CHECKS

A.      As soon as practicable after payment by United of the Settlement Amount to the Settlement Administrator, the Settlement Administrator shall send by first class mail a check for the Pro Rata Payment to each eligible Settlement Class Member.

3

B.      Settlement Class Members must cash checks within 120 days of issuance.  If any Settlement Class Member does not do so, his or her check will be void.  This limitation shall be printed on the face of each check.

C.      A record shall be kept by the Settlement Administrator of all Settlement Class Members whose checks are not cashed within 120 days of issuance. In the event that funds remain in the Settlement Fund after the initial disbursement of Pro Rata Payments, and the time to cash any checks has passed, such remaining amounts will be re-allocated pro rata among Settlement Class Members who have cashed checks, using the formula set forth above. If the Settlement Administrator determines that any remaining funds cannot be distributed to Settlement Class Members in a cost-effective and efficient manner, the Settlement Administrator shall pay such remaining funds to the Office of the New York State Comptroller.

D.      In no event shall any Tiered Reimbursement Settlement Fund moneys revert to United/Oxford. No Settlement Class Member shall have any claim of any kind against the Tiered Reimbursement Settlement Fund, the Parties or their respective counsel, or the Settlement Administrator for distributions of Tiered Reimbursement Settlement Fund moneys consistent with this Plan of Allocation.

E.      The Settlement Administrator may exercise reasonable judgment to resolve questions concerning the allocation of the Tiered Reimbursement Settlement Fund. The Settlement Administrator may consult with the New York Attorney General, the U.S. Department of Labor, and Class Counsel concerning this Plan of Allocation to address such questions as they arise.  The Settlement Administrator has complete and final authority to determine the eligibility of an individual Settlement Class Member to receive payment and to determine the amount to be paid under the terms of the Settlement Agreement, including this Plan of Allocation; the Settlement Administrator's decision shall be final, binding and cannot be appealed.

4

# EXHIBIT F

## NOTICE OF FILING OF PROPOSED SETTLEMENT OF CLASS ACTION PURSUANT TO 28 U.S.C. § 1715

TO THE APPROPRIATE FEDERAL AND STATE OFFICIALS:

Defendants UnitedHealth Group Incorporated, United Behavioral Health, UnitedHealthcare Insurance Company, Oxford Health Plans, LLC, Oxford Health Plans (NY), Inc., Oxford Health Insurance, Inc., UnitedHealthcare Insurance Company of New York, and UnitedHealthcare of New York hereby submit the following Notice of Filing of Proposed Class Action Settlement in the above-referenced class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. §1715.

### Compliance with 28 U.S.C. § 1715(b)

28 U.S.C. Section 1715(b) lists eight items that must be provided to the appropriate state and federal officials in connection with any proposed class action settlement. Each of these items is addressed below.

1. **28 U.S.C. § 1715(b)(1): Complaint.** Copies of the Class Action Complaint and Amended Class Action Complaint in *Doe v. Oxford Health Insurance*, Civil Action No. 1:17-cv-4160 are attached here as Exhibit 1 and 2; Copies of the Class Action Complaint and Amended Class action Complaint in *Smith v. United Healthcare Insurance Company et al.*, 1:21-cv-02791-PKC-PK (consolidated) are attached here as Exhibit 3 & 4.

2. **28 U.S.C. § 1715(b)(2): Notice of Any Scheduled Judicial Hearing.** [Insert date and location of preliminary approval of class action settlement and any other hearings if set.]

3. **28 U.S.C. §1715(b)(3): Proposed Notification to Class Members.** The proposed notices to be provided to class members are attached as Exhibits C and D to the Settlement Agreement, which is attached here as Exhibit 5.

4. **28 U.S.C. § 1715(b)(4): Proposed Class Action Settlement.** A copy of the Settlement Agreement is attached here as Exhibit 5.

5. **28 U.S.C. § 1715(b)(5): Settlement or Other Agreement Between Defendant's Counsel and Class Counsel**. Other than the Settlement Agreement attached here as Exhibit 5, there are no other settlement or other agreements between class counsel and counsel for Defendants.

6. **28 U.S.C. § 1715(b)(6). Final Judgment**. There has been no final judgment or notice of dismissal.

7. **28 U.S.C. § 1715(b)(7)(A): Identification or Reasonable Estimate of Class Members By State.** Based upon the information available to Defendants, there are approximately 110,768 class members, and to the best of Defendants' knowledge these class members reside in the states listed below. It is not feasible for Defendants to provide the class members' names due to federal and state law protecting Defendants' members' privacy rights. Defendants estimate that the proportionate share of the claims by state is as follows:

| State | Percentage |
| --- | --- |
| NY | 36.18% |
| CA | 11.22% |
| CT | 2.72% |
| VA | 4.74% |
| DC | 2.60% |
| FL | 5.31% |
| MD | 1.84% |
| MA | 1.36% |
| NJ | 0.93% |
| TX | 2.11% |
| IL | 4.70% |
| WA | 2.03% |
| CO | 1.94% |
| MO | 1.96% |
| PA | 1.57% |
| LA | 0.96% |
| OR | 1.40% |
| MN | 0.83% |

7885438.1

| OH | 2.30% |
|----|-------|
| GA | 1.75% |
| AZ | 1.47% |
| TN | 1.31% |
| NC | 1.88% |
| WI | 1.07% |
| UT | 0.98% |
| RI | 0.45% |
| MI | 0.81% |
| NV | 0.31% |
| SC | 0.35% |
| IN | 0.54% |
| NE | 0.44% |
| AR | 0.24% |
| KS | 0.41% |
| DE | 0.04% |
| KY | 0.19% |
| IA | 0.12% |
| AK | 0.02% |
| AL | 0.07% |
| VI | 0.03% |
| OK | 0.43% |
| ND | 0.01% |
| MT | 0.01% |
| ME | 0.01% |
| MS | 0.08% |
| NM | 0.08% |
| WY | 0.14% |
| NH | 0.02% |
| HI | 0.00% |
| WV | 0.04% |
| ID | 0.01% |
| SD | 0.00% |

8. **28 U.S.C. § 1715(b)(8): Judicial Opinions Related to the Settlement.** A motion for preliminary approval of the settlement was filed on [date], with a hearing on the motion scheduled for [date]. As of the mailing of this notice, no order has been issued on the motion.

**Timeliness of this Notice**

Under 28 U.S.C. Section 1715(b), Defendants must serve this notice "not later than 10 days after a proposed settlement of a class action is filed in court." 28 U.S.C. § 1715(b). Defendants have complied with this deadline because the proposed settlement was filed in court on [date], and this notice is being provided on [date].

Please contact us if you require any additional materials or need any further information.

7885438.1