**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY.,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:21-cv-04519-LDH-RLM<br><br>**JOINT STATUS REPORT** |

　　　　In accordance with the Court's October 6, 2021 Order, the parties jointly provide the following status report regarding this case, and how it relates to the proposed settlements in Case No. 1:21-cv-04533 and 1:17-cv-4160 and to the fairness hearing scheduled for December 16, 2021 in 1:17-cv-4160.

　　　　On August 11, 2021, the Secretary filed a Complaint (Dkt. 1) containing allegations regarding Defendants' use of a medical management program for psychotherapy known as "ALERT," and "Tiered Reimbursement," a policy and/or practice through which Defendants adjusted the allowed amount payable on certain claims for psychotherapy with out-of-network psychologists and master's level counselors. Contemporaneously, the Secretary filed two separate stipulated settlements. The first, (Dkt. 4), resolves the Secretary's and the State of New York's claims against Defendants with respect to the use of the ALERT program. The second, (Dkt. 5), resolves the claims of the Secretary, the State of New York, and plaintiffs in *Jane Doe v. UnitedHealth Group, Inc. et al.*, Case No. 1:17-cv-4160 (E.D.N.Y.) ("*Doe*"), and *Jane Smith, et al. v. United Healthcare Insurance Company et al.*, Case No. 1:21-cv-02791-PKC-PK (E.D.N.Y.) ("*Smith*")[1] against the Defendants with respect to the use of "Tiered Reimbursement." These issues are being resolved via settlement on two separate tracks.

---

[1] The *Smith* action was transferred to this District and consolidated with the *Doe* action before this Court for coordinated settlement proceedings.

Another case brought by the New York Attorney General – *James v. UnitedHealth Group Incorporated et al.*, Case No. 21-cv-4533 (E.D.N.Y.) ("NYAG Action") – also challenges these same policies and practices.

I. **ALERT Program**

The Stipulation of Settlement filed in this case (Dkt. 4) and the NYAG Action resolves allegations in the Secretary's Complaint related to the ALERT program. No further Court action is required because these allegations involve only the Secretary, the State of New York and Defendants. (The *Doe/Smith* plaintiffs have not raised claims with respect to the ALERT program.) United has paid the ALERT settlement amount and the related penalties, and has agreed to prospective relief. In this action, the Secretary will shortly be filing a notice of dismissal with prejudice as to the allegations relating to the ALERT program, which includes Counts and 3 and 4 in their entirety and Counts 5, 6, and 7 in part.

II. **Tiered Reimbursement**

The agreed-upon Tiered Reimbursement settlement of the allegations would resolve those allegations in this action, the NYAG Action, and in the *Doe* and *Smith* putative class action cases.

Because the settlement of the *Doe* and *Smith* cases is on a classwide basis, the *Doe* and *Smith* settlement requires Court approval. The settlement of the Tiered Reimbursement allegations in this action and the NYAG Action are not effective unless the Court approves the settlement in *Doe* and *Smith*. The anticipated final approval of the settlement at or following the fairness hearing will, if not appealed, make the settlement effective pursuant to the terms of the agreement. This settlement will resolve the claims of the Secretary, the State of New York, and the *Doe/Smith* plaintiffs with respect to Tiered Reimbursement.

The Secretary supports the Tiered Reimbursement settlement and plans to attend the fairness hearing. Following the court's entry of Final Approval Order of Settlement and upon proof of United's payment of the settlement amount and related penalties, the Secretary will dismiss the remainder of the allegations in its complaint with prejudice.

### III. Case Status

The parties in this case will be filing shortly a joint request to extend the time for United to respond to the Secretary's Complaint until February 15, 2022 (roughly two months after the fairness hearing). The parties anticipate that the terms of settlement will be completed before this date, and the matter will accordingly be dismissed with prejudice, such that no such responsive pleading will be necessary.

Dated: New York, New York
       October 12, 2021

Respectfully submitted,

By: /s/ *Rosemary Almonte*

SEEMA NANDA
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

_____
ROSEMARY ALMONTE
Trial Attorney
SUZANNE DEMITRIO CAMPBELL
Senior Trial Attorney

U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
(646) 264-3650
(646) 264-3660 (fax)
almonte.rosemary@dol.gov
campbell.suzanne@dol.gov
NY-SOL-ECF@dol.gov

By: /s/ *Jennifer Romano*

Christopher Flynn (*pro hac vice*)
Michael W. Lieberman (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 264-2500
Fax: (202) 628-5116
cflynn@crowell.com
mlieberman@crowell.com

Jennifer S. Romano (*pro hac vice*)
Crowell & Moring LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Tel: (213) 622-4750
Fax: (213) 622-2690
jromano@crowell.com

Megan F. Beaver *(pro hac vice)*
CROWELL & MORING, LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 365-7375

                        Honor Costello
                        CROWELL & MORING, LLP
                        590 Madison Avenue, 20th Floor
                        New York, NY 10022
                        Tel: (212) 223-4000
                        Fax: (212) 223-4134
                        hcostello@crowell.com

*Attorneys for Defendant*